**Thomas L. WILLIS, Petitioner,**

v.

**Stoney LANE et al., Respondents.**

**No. CIV-2-79-41.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 13, 1979.

---

Thomas Willis, pro se.

William M. Leech, Jr., Atty. Gen., of Tenn., Nashville, Tenn., for respondents.

## MEMORANDUM OPINION AND CERTIFICATE

NEESE, District Judge.

This is a *pro se* application by the petitioner Mr. Tommy L. Willis, a prisoner in the custody of the respondent pursuant to the judgment of May 19, 1977 of the Criminal Court of Sullivan County, Tennessee, for the federal writ of habeas corpus. He claims he is in such custody in violation of his federal right to due process of law, Constitution, Fifth and Fourteenth Amendments. 28 U.S.C. § 2254(a).

It appears that Mr. Willis has now exhausted the remedies available to him in the courts of Tennessee, *Tommy L. Willis, petitioner, v. State of Tennessee, respondent*, in the aforenamed court; *Willis v. State*, C.C.A. Tenn. (1978), 580 S.W.2d 576; petition for certiorari denied in *Tommy L. Willis, petitioner, v. State of Tennessee, respondent*, per curiam of March 5, 1979 by the Supreme Court of Tennessee. 28 U.S.C. § 2254(b).

The applicant claims that he was incompetent on May 19, 1977 to stand trial, and that he was then and there deprived unconstitutionally of his right to have a hearing on that issue. *Cf. Pate v. Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. Specifically, he claims that the "inquiry" conducted by the trial judge was inadequate to determine the foregoing issues, and also that he was denied the benefit of an examination into his mental condition.

As pointed out by this Court earlier, the state trial judge, who accepted the guilty plea of Mr. Willis after a plea bargain between him and the state of Tennessee, has been found factually to have had no reason earlier (1) to have valid doubts concerning the applicant's mental competency at the pertinent time, or (2) to order *sua sponte* an examination into Mr. Willis' competency to stand trial. See *Willis v. Lane*, D. C. Tenn. (1978), 469 F.Supp. 318, affirmed C. A. 6th (1979), 595 F.2d 1227 (table).[1]

Mr. Willis claims that the inquiry made by the state trial judge was "inadequate"; but, that conclusory allegation is insufficient to overcome the presumption that the state hearing judge's finding that such in-

---

1. This Court refused to entertain that application of the petitioner because of his failure to exhaust his available state remedies and also for the foregoing reasons. The Court of Ap-

peals for the Sixth Circuit. affirmed on the exhaustion issue as well as " * * * for the additional reasons spelled out * * * " in this Court's opinion.

quiry was adequate was correct,[2] 28 U.S.C. § 2254(d).

For such reason, the applicant hereby is DENIED all relief. Rule 58(1), Federal Rules of Civil Procedure. Should he give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on any such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause which, because a claim of mental incompetency is implicated, will ISSUE, Rule 22(b), Federal Rules of Appellate Procedure.

---

**2.** The Court of Criminal Appeals of Tennessee found ample support in the " * * * extensive hearing on the petition * * * " of the applicant to the Criminal Court of Sullivan County, Tennessee, " * * * that the petitioner was mentally competent at the time he pleaded guilty * * *, nor do we find any abuse of discretion in the court's decision not to order a psychiatric evaluation of Willis prior to ruling on his post-conviction petition. * * * " *Willis v. State, supra,* 580 S.W.2d at 578.