Kenneth Norman SMITH, Petitioner,

v.

Donald WYRICK, Warden, Respondent.

No. 81–1060–CV–W–1.

United States District Court,
W. D. Missouri, W. D.

May 11, 1982.

---

Kenneth Norman Smith, pro se.

John Ashcroft, Atty. Gen., State of Mo., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM OPINION AND ORDER

JOHN W. OLIVER, Senior District Judge.

I.

This State prisoner habeas corpus case presents an important exhaustion question not heretofore considered by this Court. The narrow question presented is how, under present Missouri law, a State prisoner may exhaust his available State postconviction remedies in regard to a claim that he was denied the effective assistance of counsel on appeal.

In its initial response to our order to show cause the Attorney General's office took the position that "respondent will not address the merits of petitioner's allegations at this time since this action has been brought prematurely and is subject to summary dismissal." That response contended that "it is clear that petitioner's petition ... should be dismissed for failure to exhaust all available State remedies."

After being required to produce additional portions of the files and records in both the State trial and appellate courts, the Attorney General's office thereafter filed a supplemental response in which it stated that "respondent now concedes that petitioner has exhausted his claim as to the ineffective assistance of his appellate counsel." That supplemental response directed this Court's attention only to the Supreme Court of Missouri's opinion in *Hemphill v. State*, 566 S.W.2d 200, (Mo. Banc 1978). The Attorney General's office requested and was granted leave to file a response addressed to the merits of petitioner's contentions regarding his appellate counsel.

During the course of obtaining piecemeal production of the relevant State court files and records from the Attorney General's office, petitioner filed a supplemental traverse to which he attached a document entitled *"Treatise on Recalling Mandate in Missouri Jurisprudence,"* authored by Melvin Leroy Tyler, paralegal, and Ervin Haas, paralegal aide. This Court takes judicial notice of the fact that both Mr. Tyler and Mr. Haas are inmates of the Missouri Penitentiary. It is to be anticipated that the theories stated in that "Treatise" will be utilized by other *pro se* State prisoners in obvious efforts to short cut the usual exhaustion procedures required under Missouri Rule 27.26.

For reasons we shall state in detail, we conclude that petitioner has exhausted his available postconviction remedies under the narrow circumstances of this case, but that,

on the merits, the petition for federal habeas corpus must be denied.[1]

## II.

The State court records now before the Court show that petitioner was tried and convicted of first degree robbery in the Circuit Court of Greene County, Missouri on January 24–25, 1980. He was represented at trial by appointed counsel. Petitioner's appointed trial counsel was relieved from duty and different counsel was appointed to represent the petitioner on appeal. Petitioner's conviction was affirmed by the Missouri Court of Appeals, Southern District, in *Missouri v. Smith*, 607 S.W.2d 824.

The factual circumstances and petitioner's single claim of error on direct appeal were accurately stated by the Missouri Court of Appeals as follows:

Defendant Kenneth Norman Smith was jury-tried and convicted of first degree robbery in violation of § 569.020, RSMo 1978, and sentenced to fifteen years imprisonment. He contends the trial court erred in failing to give his tendered instruction submitting second degree robbery. We affirm.

The evidence showed that defendant entered a Springfield, Missouri liquor store armed with a .38 caliber pistol, pointed the weapon at the store manager and demanded money. As defendant departed the building the manager obtained a pistol and shots were exchanged. Defendant testified his pistol was loaded with blank cartridges and thus he was entitled to an instruction on the lesser included offense of second degree robbery.

The Missouri Court of Appeals first noted that defendant's appointed trial counsel "did not assign his present contention of error in his motion for new trial" and that defendant's appointed appellate counsel failed to "set out . . . the tendered instruction . . . in defendant's brief as required by

[Missouri] Rule 30.06(e)." "Consequently," the Missouri Court of Appeals stated, "defendant's contention is not preserved for our review."

The Missouri Court of Appeals, however, apparently pursuant to Missouri's "plain error" rule (Missouri Rule 29.12(b)) reached and disposed of the merits of petitioner's single claim of error on direct appeal by holding that:

Aside from the foregoing derelictions, there is no merit in defendant's contention. His trial testimony that the pistol was loaded with blank cartridges and that he did not intend to hurt the store manager does not alter the fact that a .38 caliber pistol is a deadly weapon as mentioned in the first degree robbery statute and it matters not whether the pistol was loaded with live cartridges, blank cartridges, or no cartridges at all. *State v. Mays*, 598 S.W.2d 613 (Mo.App.1980).

On July 15, 1981, petitioner filed in the Missouri Court of Appeals, Southern District, a "motion for leave to proceed *in forma pauperis*, for issuance of an order to show cause, for orders recalling the mandate, reinstating the appeal, for orders appointing counsel and for new appeal." That motion, which utilized in large part various portions of the standard Missouri Rule 27.26 form, alleged on a supplemental page the following:

### CLAIMS SHOWING INEFFECTIVE COUNSEL

1. It was plain error affecting the substantial rights of the appellant-defendant for the trial court to fail to instruct the jury on the special defense raised under RSMo (1978) 562.076, and that counsel was ineffective on appeal for not raising the same. *State v. Zweifel*, 615 S.W.2d (Mo.App.E.D.Mo.1981). Instructions which ignore the defense are plain error. *State v. Meeks*, 619 S.W.2d 830 (Mo.App.W.Mo.1981); *State v. Drane*, 416 S.W.2d 105 (Mo.).

---

1. We shall also state our view that the Attorney General's office properly changed its position in regard to the exhaustion question presented. More important, we shall state our view that the manner in which this Court may exercise habeas jurisdiction after exhaustion is much more limited than suggested in the "Treatise," upon which petitioner relies.

2. It was plain error for the trial counsel and appeal counsel to fail to raise the issue that appellant-petitioner was entitled to discharge when the state failed to rebuttal the special defense under RSMo (1978) 562.076. See, e.g., *State v. Devine*, 554 S.W.2d 442 (Mo.App. EDMo.1977).

3. Counsel was ineffective on appeal in violation of the 6th and 14th amendments for failing to raise the issues in Ground 1 and 2 above. *Robinson v. Wyrick*, 635 F.2d 757 (CA8 1981).

Although the Attorney General's office has thus far failed to file a copy of the order of the Missouri Court of Appeals denying that motion, both sides apparently agree that petitioner's motion to recall the mandate was denied by the Missouri Court of Appeals on its merits.[2]

On September 2, 1981 petitioner filed a Missouri Rule 27.26 motion in the Circuit Court of Greene County, Missouri, in which the petitioner stated numerous grounds of alleged denial of the effective assistance of counsel in regard to his appointed trial counsel. The docket sheet of the State trial judge recently produced by the Attorney General's office shows that petitioner's additional motion for disqualification of the judge who tried the case was sustained and that the Missouri Rule 27.26 motion was accordingly transferred to another judge who appointed counsel to represent petitioner in connection with his Missouri Rule 27.26 motion.[3]

On December 29, 1981 petitioner filed his pending petition for federal habeas corpus. That petition was carefully limited to a claim of ineffective assistance of counsel on appeal and alleged the following:

### STATEMENT OF CLAIMS

1. Petitioner was denied effective assistance of counsel on direct appeal because counsel failed to present as plain error the failure of the trial court to instruct the jury on the special defense

---

2. In respondent's second supplemental response to our order to show cause, filed February 19, 1982, the Attorney General's office stated that Exhibit G attached to that response "is the order of the Missouri Court of Appeals, Southern District, denying petitioner's Motion to Recall The Mandate." Examination of Exhibit G, however, reveals that it is nothing more than a letter from the Clerk of the Missouri Court of Appeals to petitioner's appointed appellate counsel dated November 12, 1980 which advised that the court had on that date denied petitioner's motion for rehearing and application for transfer to the Supreme Court of Missouri.

In still a further response to another order of this Court, filed by the Attorney General's office on April 8, 1982, the Attorney General's office stated, however, that:

Respondent mistakenly believed that the Missouri Court of Appeals, Southern District, apparently refused to review petitioner's motion to recall the mandate on its merits. However, it is clear that the office of the Attorney General ... [now] believes that the Court's ruling denying the motion was a ruling on the merits.

That response added a quotation from *Hemphill v. State*, 566 S.W.2d 200, 208 (Mo. banc 1978), and directed the Court's attention to the recent decision of the Supreme Court of the United States in *Rose v. Lundy*, —— U.S. ——, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) to support the Attorney General's office's undeveloped suggestion that "to the extent that petitioner raises matters which do not constitute allegations of defects and proceedings before the appellate court, his claims have not been exhausted."

3. That docket sheet also shows that on March 11, 1982 petitioner filed a "motion to withdraw counsel and appointment of new counsel." It further shows that on April 5, 1982 a copy of a petition for writ of habeas corpus which the petitioner filed in the Supreme Court of Missouri was filed in the Missouri Rule 27.26 proceeding which still pends in the Circuit Court of Greene County, Missouri. A supplemental traverse filed by the petitioner on April 15, 1982 attached a copy of a three page document entitled "Interrogatory Deposition of Kenneth Norman Smith in Support of the Habeas Corpus Action," which was filed in the Supreme Court of Missouri and which registered a number of complaints against counsel who had been appointed to represent the petitioner in the Missouri Rule 27.26 proceeding. That "Interrogatory Deposition" also confirms that all the legal papers that are being filed almost simultaneously in various courts are being filed on petitioner's behalf by persons other than the petitioner. For that document establishes that petitioner has only a third grade education. Petitioner's testimony at trial clearly reflects that he has difficulty in reading and writing. [Tr. 86]

raised under RSMo (1978) Section 526.-076, in violation of the 6th and 14th amendments to the United States Constitution.

2. Petitioner was denied effective assistance of counsel on direct appeal because counsel failed to raise the issue that petitioner was entitled to discharge when the state failed to offer any rebuttal to the special defense of drugged condition and drugged dependence under RSMo (1978) Section 562.076 in violation of the 6th and 14th amendments to the United States Constitution.

3. Petitioner was denied due process of law and equal protection of the law and a fair trial when the state failed to:

a) instruct the jury on the special defense raised under RSMo (1978) Section 562.076 when petitioner injected that as a defense and offered substantial witnesses;

b) petitioner was entitled to discharge because the defense raised under RSMo (1978) Section 562.076 when interjected was entitled to presumption of validity and correctness when no rebuttal evidence was offered.

CASE AUTHORITIES:

*State v. Zweifel*, 615 S.W.2d 470 (Mo.App. E.D.Mo.1981)

*State v. Devine*, 554 S.W.2d 442 (Mo. App.)

*State v. Black*, 611 S.W.2d 236 (Mo.App. 1981)

*Robinson v. Wyrick*, 635 F.2d 757 (CA8 1980)

■ We need not take further notice of the Missouri Rule 27.26 proceeding for the reason that none of the new procedural hurdles recently constructed by the Supreme Court of the United States in either *Rose v. Lundy, supra*, or, even more recent-ly in *Engle v. Isaac*, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) purport to require exhaustion of a petitioner's claim of ineffective assistance of *trial* counsel, properly presented in a Missouri Rule 27.26 proceeding, before a federal district court is under duty to exercise jurisdiction in connection with petitioner's claim of ineffective assistance of *appellate* counsel, which has been fully exhausted under entirely different State post-conviction procedures, when the latter exhausted claim is the only claim asserted in a pending federal habeas petition.[4]

In the next part of this memorandum opinion we state the reasons why we find that petitioner has exhausted his available State court post-conviction remedies in connection with the claims asserted in this pending federal habeas corpus petition. We shall also state the reasons why this Court may not properly hold an evidentiary hearing as petitioner apparently believes he is entitled to under the circumstances of this case.

### III.

In the traverse filed on petitioner's behalf promptly after the Attorney General's office filed its original response, attention was directed to the fact that petitioner had "filed a motion to recall the mandate in the Court of Appeals and mandamus in the Supreme Court [in which] the petitioner claimed ineffective assistance of counsel on appeal." Petitioner's traverse accurately stated that the motion to recall the mandate had been denied and contended that "under the law, that is the only remedy available for attacking the competency of counsel on appeal." Petitioner's traverse reiterated his reliance upon *Hemphill v. State*, 566 S.W.2d 200 (Mo. en banc 1978);

---

4. Nor are we required to struggle with the new "cause and prejudice" rule stated in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). For the Attorney General's office concedes that the Missouri Court of Appeals' denial of petitioner's motion to recall mandate was a denial on the merits. See *Euell v. Wyrick*, 675 F.2d 1007 (8th Cir. 1982). That case, which applies principles stated in *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), establishes that it is the considered view of the Eighth Circuit that neither *Sykes* nor *Engle v. Isaac* is to be read as foreclosing all federal habeas corpus consideration and relief in all State prisoner habeas corpus cases, a view apparently entertained by the Attorney General's office.

*State v. Zweifel*, 615 S.W.2d 470 (Mo.App.E. D.1981); *Robinson v. Wyrick*, 635 F.2d 757 (8th Cir. 1981); and *Dickerson v. Wyrick*, —— F.2d —— (8th Cir. 1981). We shall discuss each of those cases in this part of our memorandum opinion.

It is clear that when the Supreme Court of Missouri decided *Hemphill* in 1978, it decided to follow a rule first stated in *State v. Schaffer*, 383 S.W.2d 698 (Mo.Div. 1, 1964), a case decided before the 1967 amendment of Missouri Rule 27.26. See *White v. Swenson*, 261 F.Supp. 42 (W.D.Mo. 1966, en banc) for the history of the 1967 amendment of Missouri Rule 27.26. *Hemphill* accordingly held that "the issue of ineffective assistance of appellate counsel is a claim not properly cognizable by the trial court under Rule 27.26." [5] Although the Supreme Court of Missouri recognized in *Hemphill* that in at least two cases the Missouri Court of Appeals had read amended Rule 27.26 broadly enough to include the determination of claims of ineffective assistance of counsel on appeal, it nevertheless followed the rule of *Schaffer* and the progeny of that case and held that:

> Relief from defects in proceedings before the appellate courts are beyond the scope of the [Rule 27.26] remedy and such relief should be sought only in the appellate court of rendition and there by motion to recall the mandate, vacate the sentence of affirmance and redocket the cause for rehearing.

Thus, *Hemphill* expressly rejected the argument that amended Rule 27.26 should be read broadly enough to include claims of ineffective assistance of counsel on appeal. That argument was based on the idea that a broad reading of amended Rule 27.26 would provide "a procedure [which] would keep fact-finding hearings in the trial court and avoid burdening the appellate system with such duties." *Hemphill* concluded such arguments "missed the point" for the reason that:

> The appellate court, rendering the final judgment in the appeal, is in the best position to rule and determine such issues. It is there the briefs are presented, argument heard and the effect of the conduct of appellate counsel as it bears on the issue of "ineffective assistance" may best be determined. For these reasons we reaffirm our divisional opinions in *Schaffer* and *Gerberding* [*Gerberding v. State*, 433 S.W.2d 820 (Mo.1968)] and reassert as proper the course of action prescribed in those cases for dealing with such issues.

As we shall demonstrate below, the apparently broad rule of *Hemphill* has been substantially modified and may not be read as broadly as petitioner contends.

*State v. Zweifel*, 615 S.W.2d 470 (Mo.App. E.D.1981), also cited and relied upon by the petitioner, stated that the case before that court "involves application of the doctrines established in *Hemphill v. State*, 566 S.W.2d 200 (Mo. banc 1978) upon a claim of ineffective assistance of counsel on appeal." The Missouri Court of Appeals noted in *Zweifel* that "although *Hemphill, supra*, has been with us for several years, we have no cases or rules which establish the procedures to be followed in handling that genre of cases." That court made clear that although supplemental briefs had been submitted to it in regard to the "potential problems in procedure," it nevertheless held that "we do not intend here to establish procedures for handling *Hemphill* cases."

The Missouri Court of Appeals in *Zweifel* did "state the procedures we are following in this case" and concluded that the standard which it would apply would be a standard which would "inevitably closely track the standard set forth in Rule 30.20, the plain error rule—that the error is such as to

---

**5.** This Court recognized and applied the *Schaffer* rule when it considered the ineffective assistance of appellate counsel claim presented in *Gray v. Swenson*, 271 F.Supp. 912 (W.D.Mo. 1967). Further proceedings in that case, in which habeas relief was ultimately granted, are reported in 296 F.Supp. 1040 (W.D.Mo.1969); and 302 F.Supp. 1162 (W.D.Mo.1969), affirmed 430 F.2d 9 (8th Cir. 1970). The reports in that case show that because petitioner was not given an evidentiary hearing in the State courts, this Court was required under the circumstances of that case to conduct such a hearing in order to make appropriate findings of fact.

effect substantial rights resulting in manifest injustice or a miscarriage of justice." *Zweifel* also stated that it would not "reach those points raised by defendant which deal with ineffectiveness of counsel during the trial or points charging errors which would not have compelled reversal under the plain error rule if they had been raised and determined to be error."

On the procedural facts involved in *Zweifel*, it is clear that neither of the grounds claimed for reversal was "preserved in the motion for new trial nor advanced on appeal." Under an application of Missouri's plain error rule, however, the Missouri Court of Appeals held that there was abundant evidence in the case to support an instruction on excusable homicide and that the failure to give such an instruction "was plain error requiring reversal." On the other hand, the Missouri Court of Appeals reached a different conclusion in *Zweifel* in regard to the defendant's plain error claim regarding an instruction on self-defense. In regard to alleged error relating to the self-defense instruction, it was concluded that "our review of the record does not convince us that the evidence in defendant's trial supported an instruction on self-defense."[6]

The factual circumstances in regard to the manner in which the petitioner in *Robinson v. Wyrick*, 635 F.2d 757 (8th Cir. 1981) exhausted his State remedies are not at all clear. *Robinson*, however, does establish that the only federal habeas relief to which a petitioner would be entitled in a situation involving ineffective assistance of counsel on appeal would be the entry of an order which would grant federal habeas relief only in the event the State appellate court would refuse to enter appropriate State court orders which would permit the petitioner to obtain a fair appellate review of his conviction in the appropriate State appellate court.

The recent Eighth Circuit opinion in *Dickerson v. Wyrick*, the final case relied upon by the petitioner, made no particular point about the exhaustion question although the per curiam opinion in that case does indicate that the petitioner had "filed a motion to recall the court's mandate alleging ineffective assistance of counsel on the ground that counsel did not raise on appeal all the contentions offered in support of Dickerson's motion for new trial," and that a motion to recall mandate was denied by the State appellate court. In regard to any right a petitioner might have to an evidentiary hearing, *Dickerson* held that:

> With respect to asserted incompetence of counsel, appellant relies on *Robinson v. Wyrick*, 635 F.2d 757 (8th Cir. 1981), and appears to be upset because the district court reviewed the merits of his assertions without an evidentiary hearing. But *Robinson* is plainly inapposite and there was no need for an evidentiary hearing in the district court; basic facts are simply not in dispute.[7]

We turn now to the reasons why *Hemphill* may not properly be read as broadly as petitioner contends.

### IV.

Independent research establishes that the *Schaffer* rule, reaffirmed and reasserted in *Hemphill*, was subjected to substantial mod-

---

**6.** It is important to note that the Missouri Court of Appeals' consideration of both of the defendant's plain error claims for reversal were presented on rehearing after the Missouri Court of Appeals had granted a motion to recall mandate and that its determination of the case was made on the basis of the appellate record alone. No evidentiary hearing was required nor was such a hearing conducted under the circumstances.

**7.** On the merits, *Dickerson* noted that the district court had concluded that each of petition-er's claims of ineffective assistance of counsel on appeal were "legally frivolous" and "manifestly without merit" and that the district court had refused to issue a certificate of probable cause for the reason it could not make a finding that the appeal was taken in good faith. The Court of Appeals agreed with the district court and concluded that "the appeal is utterly without merit, is legally frivolous, and is not in good faith. We decline to issue a certificate of probable cause essentially on grounds stated by the district court, and the appeal is dismissed."

ification in 1980 by the unanimous opinion of the Supreme Court of Missouri en banc in *Morris v. State*, 603 S.W.2d 938 (Mo. en banc 1980). That case involved an ineffective assistance of counsel on appeal claim in which appellate counsel allegedly failed to "timely perfect an appeal." Defendant's counsel filed a notice of appeal and a jurisdictional statement but allegedly failed to take any additional steps to further the appeal. The State trial court denied postconviction relief on the ground that the defendant "was not entitled to an evidentiary hearing or relief under the rule." The Supreme Court of Missouri noted that "the Court of Appeals, Southern District, affirmed the judgment of the trial court, holding that as per *Hemphill v. State*, 566 S.W.2d 200 (Mo. banc 1978), a Rule 27.26 proceeding cannot be used to consider the issue of ineffective assistance of appellate counsel and alleged defects in proceedings before the appellate courts."

In reversing and remanding the case to the State trial court, *Morris* first noted that "the divisional opinions of this Court in *Gerberding* and *Schaffer* were reaffirmed in *Hemphill*." The *Morris* court then quoted the same language from *Hemphill* which we have quoted above but then stated, however, that "the language of *Hemphill*, as quoted *supra*, leads us to conclude that the holding of evidentiary hearings by appellate courts as part of a challenge to the effectiveness of appellate counsel was not intended or envisioned therein." *Morris* added that:

> The filing of a motion to recall the mandate, as approved in *Hemphill*, could evolve from a simple process of reviewing the record on appeal, the briefs and the oral arguments to a lengthy procedure which could include an evidentiary hearing requiring the presence of a defendant, his past and current counsel, the

prosecutor and others. Such an extension would exceed the intended scope of *Hemphill*.

The Supreme Court of Missouri in *Morris* substantially modified the *Hemphill* rule and broadened the scope of a Missouri Rule 27.26 proceeding in particular cases by holding that:

> In cases where an appellate court retains no *unique knowledge* necessary to the disposition of a claim of ineffective assistance of appellate counsel or where an evidentiary hearing may be deemed necessary to the disposition, a Rule 27.26 motion is the appropriate vehicle for seeking post-conviction relief. Cf. *State v. Gates*, 466 S.W.2d 681 (Mo.1971) and *State v. Jones*, 446 S.W.2d 796 (Mo.1969). The procedure set out in *Hemphill* should continue to be followed only in cases whose facts would so justify. (emphasis the Court's)

Footnote 3 on page 941 of *Morris* succinctly explains that "the line to be drawn as to what court is better suited to review postconviction claims should be determined by factors of substance and not by arbitrary labels such as trial vs. appeal errors." [8]

Although the *Hemphill* rule was substantially modified by the Missouri Supreme Court's en banc decision in *Morris* in 1980, we are satisfied that under the present Missouri postconviction procedures the questions presented in petitioner's motion to recall mandate as filed in the Missouri Court of Appeals in regard to his claims of ineffective assistance of counsel on appeal, all of which are reiterated in substance in his petition for federal habeas corpus, are questions that a Missouri appellate court would review only on the basis of the trial transcript. Under such a circumstance, it is clear that Missouri Rule 27.26 is not an available postconviction remedy under which petitioner could have presented

---

**8.** In *Flowers v. State*, 618 S.W.2d 655 (Mo. en banc 1981) the Supreme Court of Missouri followed and applied the rule announced in *Morris*, concluded that an evidentiary hearing was required under the circumstances of that case, and therefore remanded the cause "to the trial court with directions to conduct an evidentiary hearing and to make findings of fact and conclusions of law on whether Flowers' counsel abandoned him on appeal from the denial of the 1976 motion or whether Flowers indicated he did not wish to pursue, or waived, the appeal."

his ineffective assistance of appellate counsel claim. We are therefore satisfied that under the Missouri and Eighth Circuit cases above discussed the petitioner is not entitled to an evidentiary hearing but that the eventual concession of exhaustion by the Attorney General's office was proper under the circumstances.

We shall therefore reach and determine the merits of petitioner's claims in regard to ineffective assistance of appellate counsel which we find and conclude have been exhausted. Our denial of those claims is not to be consider in any way an adjudication of any federal constitutional claim which petitioner may assert in the pending Rule 27.26 proceeding which pends in the Circuit Court of Greene County, Missouri. We are satisfied that the new State trial judge having jurisdiction of that proceeding will proceed with dispatch in his processing of that case. See *Seemiller v. Wyrick*, 663 F.2d 805 (8th Cir. 1981).

### V.

■ Independent research on the merits establishes that *Rawlins v. Craven*, 329 F.Supp. 40 (C.D.Calif.1971), while not precisely on point, is the closest case on the facts to the case at bar in that petitioner's claims in that case included a claim that appellate counsel were ineffective in failing to urge a particular ground on appeal. That case commenced analysis on the merits by correctly stating that "it is well established that claims of error in State jury instructions are State matters and involve no constitutional questions, unless they amount to deprivation of due process."

The petitioner in *Rawlins* contended that he was denied due process because of the failure of trial counsel to request an instruction on a lesser included offense and appellate counsel was ineffective for having failed to urge the same ground on appeal. The *Rawlins* court reviewed the evidence presented at trial and concluded that it was "clear that the trial court would properly have refused the request for such an instruction." Petitioner's claim of ineffective assistance of appellate counsel was rejected for the reason that:

Since we have shown that Petitioner was not entitled to an assault instruction at his trial, it must be concluded that counsel on appeal was not ineffective for not raising this obviously untenable point.

Examination of the transcript of the trial in this case establishes that there simply was no evidence to support petitioner's first claim for federal habeas relief based on petitioner's appellate counsel's alleged failure to assert that the State trial court's alleged error in failing to give a Section 562.076 special defense instruction should have been considered on appeal under Missouri's plain error rule. For it is clear that neither the State nor the petitioner adduced any evidence that would support an instruction that the petitioner was under the influence of drugs at the time the robbery was committed. While there was some very general testimony about the petitioner's alleged drug habit, neither he nor anyone else testified in regard to his mental state at the time of the offense as that mental state may have been influenced by the taking of any drugs at or near the time of the offense.

The victim of the robbery, Mark Anthony Loveland, was asked no questions at all which even related to drugs or the petitioner's use of drugs (Tr. 12–27). Jerry Patton, the Springfield Police Department detective who took the petitioner's uncontested confession of the crime approximately thirty minutes after the defendant was taken into custody, testified that "at the time this statement or this rights waiver was given ... the defendant, Kenny Smith [did not] give the appearance in any manner of having been on drugs." (Tr. 30) While Detective Patton during the course of his investigation learned of petitioner's general "heavy use of drugs," he did not observe during the time of his initial interview of the petitioner, conducted shortly after the offense was committed, "any reaction to his use of drugs, or the withdrawal from them" or petitioner "having the shakes, stammering speech, [or] a quivering of parts of his body." (Tr. 38–39)

Detective Joe Jared, who was also present at the time petitioner confessed to the crime, testified that he "had no knowledge about his drug use habit, either before or after the robbery." (Tr. 43) Defendant's mother did give some general testimony to the effect that "Kenny was on drugs ... about six months at the longest," (Tr. 72). Donna Fancher, petitioner's 16 year old girl friend, also testified generally that she became aware "Kenny had a drug problem ... about two years ago" and that the petitioner "more than once, had tried to stop using drugs." (Tr. 77–78)

The petitioner testified in the most general of terms that he started "using cocaine and crystal" when he was about 15 years old, (Tr. 81); that "in the vernacular of the streets" he considered that he was "hooked" (Tr. 81); and that he "would get money to buy an average of $175 worth of drugs per week by stealing." (Tr. 81). He did not, however, give any testimony whatever about having used drugs at or near the time of the offense involved in this case.

Under the undisputed factual circumstances as revealed by the transcript, it is obvious that the State trial court would have properly refused any request for an instruction based on § 562.076 VAMS (1978). In light of the fact that under the factual circumstances, petitioner was not entitled to the instruction claimed at trial, petitioner was not denied effective assistance of counsel on his direct appeal.

What we have said also disposes of petitioner's second claim that he was denied effective assistance of counsel on direct appeal because such counsel failed to "raise the issue that petitioner was entitled to discharge when the State failed to offer any rebuttal to the special defense based on § 562.076 VAMS (1978)." Under the circumstances, there was simply no evidence

of any special defense that could be rebutted.[9] Petitioner's third claim is untenable for the reason that such claim is merely a restatement of the two we have found to be without merit.

For the reasons stated, the petition for habeas corpus must be denied. It is therefore

ORDERED that the petition for federal habeas corpus should be and the same is hereby denied.

---

**9.** We reiterate that our determination of petitioner's claim of ineffective assistance of appellate counsel is not an adjudication of petitioner's claims of ineffective assistance of trial counsel. The transcript of the trial reveals that defendant's appointed trial counsel apparently had something in mind in regard to the petitioner's claimed use of drugs. Exactly what trial counsel may have had in mind and how he may have intended to develop what he may have had in mind, both as matters of fact and as a matter of law, are matters which we are confident will be explored in depth during the processing of the Missouri Rule 27.26 proceeding which now pends in the Circuit Court of Greene County, Missouri.