**Kenneth Norman SMITH, Appellant,**

v.

**Donald WYRICK, Appellee.**

No. 82–1724.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 26, 1982.

Decided Dec. 1, 1982.

Rehearing and Rehearing En Banc
Denied Dec. 22, 1982.

Certiorari Denied March 7, 1983.
See 103 S.Ct. 1277.

Lawrence M. Berkowitz, Stinson, Mag & Fizzell, Kansas City, Mo., appointed for appellant Kenneth Norman Smith.

John Ashcroft, Atty. Gen., Rosalynn VanHeest, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY and ROSS, Circuit Judges, and STEPHENSON,* Senior Circuit Judge.

* The HONORABLE ROY L. STEPHENSON, Senior Circuit Judge, died on November 5, 1982, but agreed to the disposition reflected in this opinion.

PER CURIAM.

Kenneth Norman Smith appeals from the district court's [1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, 538 F.Supp. 1017. Smith contends he received ineffective assistance of appellate counsel when he appealed his first degree robbery conviction to the Missouri Court of Appeals. In Smith's view, his counsel should have (1) raised as plain error the trial court's failure to instruct the jury on the intoxication defense, and (2) argued that Smith was entitled to discharge when the state failed to rebut the special defense of intoxication. The district court denied Smith's petition without an evidentiary hearing. Smith requests either a remand for a hearing or reversal. We affirm the judgment of the district court.

Smith was tried by a jury and convicted of first degree robbery in Missouri Circuit Court on January 24–25, 1980. The evidence showed that Smith entered a Springfield, Missouri liquor store armed with a .38 caliber pistol, pointed the weapon at the store manager, and demanded money. Smith and the manager exchanged gunfire as Smith made his escape. The court sentenced Smith to fifteen years imprisonment.

Smith appealed his conviction arguing the trial court erred in. refusing to give his requested instruction concerning the lesser included offense of second degree robbery. The Missouri Court of Appeals affirmed his conviction in *Missouri v. Smith*, 607 S.W.2d 824 (Mo.App.1980). On July 15, 1981, Smith filed a motion in the Missouri Court of Appeals requesting, *inter alia*, orders recalling the appellate court's mandate and reinstating his appeal. This motion in essence alleged his appellate counsel was ineffective because he did not raise issues that were related to the intoxication defense. The Missouri Court of Appeals denied this motion on the merits.[2]

On December 29, 1981, Smith filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri raising the same issue of ineffective assistance of appellate counsel. The district court held Smith had exhausted his state court remedies on this issue by filing the motion to recall the mandate of the Missouri Court of Appeals. The district court then rejected Smith's request for an evidentiary hearing and denied his petition on the merits.

At the time the district court considered Smith's petition raising the issue of ineffective assistance of appellate counsel, Smith had a Missouri Rule 27.26 motion pending in the circuit court of Greene County, Missouri. This motion, filed September 2, 1981, adopted numerous grounds for ineffective assistance of *trial* counsel. The district court found this pending state court motion did not affect its duty to consider petitioner's exhausted claim of ineffective assistance of *appellate* counsel when this claim is the only one raised in the federal habeas corpus petition.

I.

EXHAUSTION

■ Although not directly challenged ·in this appeal, we turn first to the district court's holding regarding exhaustion. The district court held Smith properly exhausted his state remedies on the issue of ineffective assistance of appellate counsel by filing a motion to recall the mandate of the Missouri Court of·Appeals. The court limited the scope of this holding, however, to correspond to state law limitations. A Missouri petitioner can use a motion to recall the mandate only if the appellate court retains unique knowledge necessary to the disposition of a claim of ineffective assist-

---

1. The Honorable John W. Oliver, United States District Judge for the Western District of Missouri, sitting by designation.

2. The district court noted the Missouri Attorney General's Office had failed to file a copy of the Missouri Court of Appeals order denying

Smith's motion at the time the court issued its memorandum. The court nevertheless accepted the Attorney General's representation that Smith's motion to recall the Missouri appellate court's mandate was in fact denied on the merits.

ance of appellate counsel and an evidentiary hearing is unnecessary to the disposition of the claim. *Morris v. State,* 603 S.W.2d 938, 941 (Mo.1980) (en banc). When a Missouri petitioner's claim raises factual questions that cannot be resolved without a hearing, he must put the issue before a trial court on a Missouri Rule 27.26 motion for post-conviction relief. *Id.* Accordingly, the district court held when a petitioner's claim is entertained in the state court on a motion to recall the mandate, the federal courts should consider the claim exhausted only when, as here, the claim can be resolved on the record without an evidentiary hearing. This holding implies all such claims which require a hearing should be dismissed from federal court as unexhausted.

■ The effect of the district court's holding is to require petitioners seeking an evidentiary hearing on their ineffective assistance of appellate counsel claims to use a Missouri Rule 27.26 motion. We agree with the district court's implied position that a petitioner should not be able to avoid a state court hearing and its legal implications by filing a motion to recall the appellate court's mandate and then requesting an evidentiary hearing in federal court.

We make clear, however, that a state petitioner is not automatically precluded from obtaining an evidentiary hearing in federal court on this ground. Under the law of this Circuit, a federal district court must provide a hearing in a section 2254 action "if relevant facts are in dispute and a fair evidentiary hearing was not granted in the state court." *Jensen v. Satran,* 651 F.2d 605, 608 (8th Cir.1981); *Pruit v. Housewright,* 624 F.2d 851, 852 (8th Cir.1980). The district court must look first to the nature of the petitioner's claim in deciding whether an evidentiary hearing is warranted. In the situation presented here, the

district court may dismiss a claim requiring a hearing for failure to exhaust only if the state court will rehear the petitioner's claim on a Rule 27.26 motion and provide the necessary hearing. In other words, a petitioner contending relevant disputed facts must have a fair hearing regardless of the procedural posture of the claim in state court. The federal court must hold this hearing if the state court does not.

■ We nevertheless affirm the district court's holding that Smith's motion to recall the mandate exhausted his state remedies in this case. Furthermore, because Smith's claim can be resolved on the record, he is not entitled to an evidentiary hearing in federal court. *See Lindner v. Wyrick,* 644 F.2d 724, 729 (8th Cir.), *cert. denied,* 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981); *Hampton v. Wyrick,* 588 F.2d 632, 634 (8th Cir.1978), *cert. denied,* 440 U.S. 924, 99 S.Ct. 1253, 59 L.Ed.2d 477 (1979). We now briefly address the merits of Smith's appeal.

## II.

### THE MERITS

■ Smith contends his appellate counsel was ineffective because he did not raise issues related to the intoxication defense on appeal.[3] The district court found Smith's contention meritless because neither Smith nor the state introduced evidence to support an intoxication defense at Smith's trial. A review of the trial transcript supports the district court's determination. While there was some very general testimony regarding Smith's alleged drug habit, neither he nor anyone else testified that he was under the influence of drugs when the robbery occurred.

---

**3.** Mo.Rev.Stat. § 562.076 sets out the intoxication defense as follows:

1. A person who is in an intoxicated or drugged condition whether from alcohol, drugs, or other substance, is criminally responsible for conduct unless such condition
    (1) Negatives the existence of the mental states of purpose or knowledge when such

mental states are elements of the offense charged * * *.

\* \* \* \* \* \*

2. The defendant shall have the burden of injecting the issue of intoxicated or drugged condition.

Smith argues the jury should have been able to infer from the evidence of his addiction that he was under the influence of drugs when he committed the robbery. Missouri law, however, requires Smith to do more than show he was intoxicated in order to "inject the issue" of intoxication into his defense. Smith must show his intoxication was so severe that he could not form the requisite intent for the crime. *State v. Bienkowski,* 624 S.W.2d 107, 108 (Mo.App. 1981). Even if the jury inferred Smith was intoxicated at the time of the offense, they would have no reason to conclude his intoxication prevented him from knowing what he was doing. Smith's intoxication defense claims thus are meritless.

In view of the foregoing and based upon the well reasoned opinion of the district court, we affirm.