**Kenneth Norman SMITH, Petitioner,**

v.

**Donald WYRICK, Warden, Respondent,**

and

**Michael David MANIS, Petitioner,**

v.

**Donald WYRICK, Warden, Respondent.**

Nos. 82–0916–CV–W–1–R,
82–0476–CV–W–1 and
82–0903–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

Aug. 17, 1983.

Ronald L. Hall, Asst. Federal Public Defender, Kansas City, Mo., for petitioners.

Rosalynn Van Heest, Asst. Atty. Gen., State of Mo., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDERS DISMISSING WITHOUT PREJUDICE ALL PENDING APPLICATIONS FOR HABEAS CORPUS

JOHN W. OLIVER, Senior District Judge.

I. *Introduction*

In part I of our March 3, 1983 memorandum opinion in the above cases, reported as

*Smith v. Wyrick and Manis v. Wyrick,* 558 F.Supp. 600 (W.D.Mo.1983), we stated that:

On December 17, 1982 we entered orders directing further proceedings in both of the above entitled cases. Both cases are related for the reason that both State prisoners, acting upon the advice of a fellow inmate at the Missouri Penitentiary, have attempted to obtain an immediate hearing of all federal claims alleged in their respective applications for federal habeas corpus relief on the dual theory that each exhausted all available State postconviction remedies by filing motions to recall mandate in the Supreme Court of Missouri and that the Missouri Rule 27.26 proceedings which each petitioner admittedly has pending in the Circuit Court of Greene County, Missouri have been subject to unreasonable delay and are being processed in a manner which deprives both petitioners of an effective State postconviction remedy. [558 F.Supp. at 601].

Appropriate memorandum opinions were filed to support the orders entered December 17, 1982. In Order (5)(b) entered March 3, 1983, we directed that, among other things, copies of this Court's December 17, 1982 memorandum opinions and orders be forwarded to the Clerk of the Missouri Court of Appeals, Southern District, and to the Clerk of the Circuit Court of Greene County, Missouri, for the information of the Judges of those respective courts. Because we did not direct the publication of those December 17, 1982 memorandum opinions and orders, we now attach copies of the same as appendices to our memorandum opinion handed down this day in order that the publication of the principal memorandum opinions written in connection with the above cases be complete.

The files and records of this Court show that we had earlier dealt with petitioners' presently reiterated claim that a State prisoner could exhaust his available Missouri postconviction remedies by filing and having denied a motion to recall mandate in the Supreme Court of Missouri. We concluded, for reasons fully stated in *Smith v.*

*Wyrick,* 538 F.Supp. 1017 (W.D.Mo.1982) that while a State prisoner could, within narrow limits, effectively exhaust a claim of ineffective assistance of *appellate* counsel by the filing of such a motion, the filing of a motion to recall mandate could not otherwise be said to exhaust any federal claim which a State prisoner could present in a Missouri Rule 27.26 proceeding.

This Court made clear in our earlier memorandum opinion that our denial of petitioner Smith's claim of ineffective assistance of *appellate* counsel was "not to be considered in any way an adjudication of any federal constitutional claim which petitioner may assert in the pending Rule 27.26 proceeding which pends in the Circuit Court of Greene County, Missouri." 538 F.Supp. at 1025. *See also Id.,* at 1026 n. 9.

The Court of Appeals affirmed this Court's denial of petitioner Smith's claim of ineffective assistance of *appellate* counsel on December 1, 1982. *See Smith v. Wyrick,* 693 F.2d 808 (8th Cir.1982). After the Court of Appeals' affirmance of this Court's denial of petitioner's contention that the filing of a motion to recall mandate could be said to fully exhaust all of petitioner's State court postconviction remedies in regard to all alleged federal claims, it was appropriate that proceedings be directed to determine petitioners' contention that this Court should exercise its habeas corpus jurisdiction without any further exhaustion of petitioner's available State postconviction remedies. Specifically, petitioners have reasserted their contention that no further exhaustion is presently necessary for the alleged reason that the Missouri Rule 27.26 proceedings, which both petitioners had filed in the Circuit Court of Greene County, Missouri, had been subject to unreasonable delay and were allegedly being processed in a manner which respectively deprived petitioners of an effective State postconviction remedy.

We noted in our March 3, 1983 memorandum opinion that "the orders entered on December 17, 1982 required the State to file a response which would establish the procedural posture of all of each petitioner's

State court filings and for a statement of the State's position in regard to any State appellate postconviction remedies that either petitioner might have under the circumstances." That memorandum opinion also reflects that "the Federal Public Defender's office was appointed to represent the petitioners in this Court and to take any action on behalf of the petitioners which might be appropriate under the circumstances."

Both the Attorney General's office and the Federal Public Defender's office filed appropriate responses to our December 17, 1982 orders, to which were attached all relevant State court Rule 27.26 records, together with copies of other voluminous filings and correspondence that petitioners had made in the Supreme Court of Missouri and in various other courts. In addition, this Court was furnished copies of the pleadings in a Section 1983 action which petitioners filed in the Southern Division of this Court against two of the judges of the Circuit Court of Greene County, Missouri and several State public defenders, see *Smith v. Bacon,* 699 F.2d 434 (8th Cir.1983).

This Court's March 3, 1983 memorandum opinion and the orders entered that day directing further proceedings were thus based on our consideration of the responses filed pursuant to our December 17, 1982 orders and our analysis of all the numerous exhibits attached to those responses.

II. *Factual Circumstances in regard to Petitioner Smith as of March 3, 1983*

In regard to petitioner Smith, we stated in our March 3, 1983 memorandum opinion that "the files and records now before the Court show that none of petitioner Smith's Missouri Rule 27.26 motions which pended in the Circuit Court of Greene County, Missouri had been ruled at the time we considered petitioner Smith's first application for federal habeas corpus." We further noted, however, that petitioner Smith's first habeas corpus application was denied May 11, 1982 and that, thereafter, the Circuit Court of Greene County, Missouri denied all of petitioner Smith's Missouri Rule 27.26 motions during the month of August, 1982.

We concluded that under the new factual circumstances presented "the fact that petitioner Smith has now been denied relief on his Missouri Rule 27.26 motions which had not been ruled at the time we denied petitioner Smith's first federal habeas petition merely means that petitioner Smith must exhaust his available State court appellate remedies before he can invoke the federal habeas jurisdiction of this Court." We further noted that "the response filed by the Federal Public Defender on behalf of petitioner Smith properly recognized that petitioner Smith has not exhausted his available State postconviction remedies in regard to any of the claims alleged in his federal habeas petition."

Examination of records before the Court on March 3, 1983 revealed that petitioner Smith had not filed an immediate appeal in regard to the State trial court's denial of his Missouri Rule 27.26 motions. But the records and the responses filed by counsel made it equally clear that the time within which petitioner Smith could, under applicable State postconviction law, file a motion for a late notice of appeal had not expired. The Federal Public Defender therefore advised this Court in his response that "during the week of February 7, 1983 the undersigned conferred with Miss Rosalynn Van Heest, Assistant Attorney General, State of Missouri, who represents the respondent in this action [and that she] advised the undersigned that if the reasons for Smith's failure to file notices of appeal in each of his four 27.26 actions were not due to *his* culpable negligence, the respondent would join petitioner's motion for a special order permitting a late filing of the notices of appeal in each of the 27.26 Motion Judgments, entered in the Circuit Court of Greene County, Missouri."

The Federal Public Defender accordingly made the following request on behalf of petitioner Smith:

The undersigned requests that he be given additional time within which to investigate the facts surrounding Mr. McNabb's failure to appeal the adverse judgments entered by Judge Bacon and

Judge Powell in these four 27.26 actions, and to assist the petitioner in preparing and filing in each case by March 16, 1983 (a) a motion to proceed in forma pauperis in the Missouri Court of Appeals, Southern District; (b) a motion for a special order permitting late filings of notices of appeal; and (c) a motion for appointment of appellate counsel. The granting of this request will give the petitioner an opportunity to commence exhausting his remaining available state court remedies, thereby satisfying the exhaustion requirement of 28 U.S.C.A. § 2254(b) and will allow him, if necessary, to seek federal habeas relief from his five state felony convictions at a later time.

The request of the Assistant Federal Public Defender was based on his recognition, based on the experience of the Federal Public Defender's office in earlier cases, that the failure of a State prisoner to fully exhaust his available State court postconviction remedies could, under circumstances of a particular case, be considered as an intentional by-pass of those remedies and thus deprive a State prisoner of all rights of federal habeas corpus review. *See, e.g., Martin v. Wyrick,* 411 F.Supp. 1069, 1073 (W.D.Mo.1976), where this Court discussed that possibility in an earlier case in which the Federal Public Defender had been appointed to assist a State prisoner with the exhaustion problems involved in that case. As will be detailed later, orders were entered in this case on March 3, 1983 in accordance with the request of the Assistant Federal Public Defender.

III. *Factual Circumstances in regard to Petitioner Manis as of March 3, 1983*

A.

Analysis of the confused and complicated record in regard to petitioner Manis established that as of March 3, 1983, one of petitioner Manis' Missouri Rule 27.26 motions, which sought to vacate a 7 year sentence imposed March 1, 1977 on a plea of guilty to a charge of robbery, was denied by the State trial court on August 5, 1982. Petitioner Manis, like petitioner Smith, did

not file a timely notice of appeal from the State trial court's order.

We were, however, able to state in our March 3, 1983 memorandum opinion in regard to that particular conviction that "in light of developments since the filing of the Attorney General's response, it will not be necessary for the Federal Public Defender to take any further action in connection with petitioner's exhaustion of his available State postconviction remedies in connection with this particular conviction." We explained that "a letter from the Federal Public Defender under date of February 11, 1983 reported that Thomas J. Marshall, Public Defender for the Fourteenth Missouri Judicial Circuit, Moberly, Missouri, filed a Notice of Appeal on petitioner's behalf on or about February 7, 1983 in accordance with an order granting leave to do so entered by the Missouri Court of Appeals, Southern District, on December 22, 1982." We were also able to state that we had been further advised in "a letter under date of February 17, 1983 that petitioner Manis will be represented by Peter Sterling, Public Defender at Rolla, Missouri."

It was thus clear that as of March 3, 1983 petitioner Manis was in the process of exhausting his available State court postconviction appellate remedies in the Missouri Court of Appeals, Southern District, and that Peter Sterling, a Missouri Public Defender, had been duly appointed to represent him on that appeal. We therefore stated that "under the circumstances, and at an appropriate time, this Court will enter an order dismissing petitioner Manis' federal petition for habeas corpus in regard to his seven year sentence."

B.

As Part II, B of our March 3, 1983 memorandum states in detail, see 558 F.Supp. at 605–07, petitioner Manis filed a number of additional Missouri Rule 27.26 motions in the Circuit Court of Greene County, Missouri during the month of March, 1982 which sought to vacate a number of other convictions he had received in that court. All of those other Missouri Rule 27.26 motions

were still pending as of March 3, 1983. The files and records before this Court as of March 3, 1983, however, required that this Court make a finding that "petitioner Manis, apparently acting on the advice of a fellow inmate, has not proceeded in any appropriate manner to obtain a hearing in the Circuit Court of Greene County, Missouri," and that "the numerous motions, pleadings, briefs, and the flood of papers filed on petitioner Manis' behalf by a fellow inmate at the State penitentiary have presented all courts in which such filings have been made with a confused and complicated procedural picture."

We made the following additional findings of fact in our March 3, 1983 memorandum opinion:

Consideration of the record requires that we find and conclude in regard to petitioner Manis' other Missouri Rule 27.-26 motions which pend in, but which have not yet been ruled by, the Circuit Court of Greene County, Missouri, that circumstances do not exist which may be said to render the Missouri Rule 27.26 State postconviction proceedings "ineffective to protect the rights of the prisoner" within the meaning of 28 U.S.C. § 2254(b). The record before this Court establishes that the flood of correspondence, motions, efforts to avoid use of available State court postconviction remedies, the Section 1983 action filed in this Court, and numerous filings in the Supreme Court of Missouri have unduly complicated the orderly processing of petitioner Manis' other Missouri Rule 27.26 motions.

This Court, however, with appropriate citation of the applicable Missouri cases, expressed confidence that the courts of Missouri, both trial and appellate, would process petitioner Manis' pending Missouri Rule 27.26 motions in accordance with applicable Missouri postconviction law if afforded an appropriate opportunity to do so. Although it was clear that as of March 3, 1983 petitioner Manis had not exhausted his available State postconviction remedies in regard to his then pending Missouri Rule 27.26 motions, we expressly denied the State of Missouri's prayer that this Court should deny petitioner Manis' pending application for habeas corpus "until such time as petitioner exhausts his State remedies in the trial and appellate courts" of Missouri.

In Part IV of our March 3, 1983 memorandum opinion, 558 F.Supp. at 608–12, we expressly rejected the State of Missouri's argument, based on its reading of *Thompson v. White,* 591 F.2d 441 (8th Cir.1979), that petitioner Manis' applications should be dismissed outright for failure to exhaust. In so doing, we discussed the leading Eighth Circuit case of *Mucie v. Missouri State Dept. of Corrections,* 543 F.2d 633 (8th Cir.1976) and the Eighth Circuit cases of *Seemiller v. Wyrick,* 663 F.2d 805 (8th Cir.1981) and *Wade v. Lockhart,* 674 F.2d 721 (8th Cir.1982). We stated that we were "satisfied that both *Seemiller* and *Wade*'s application of the *Mucie* rule reflect implicit directions to the district courts of the Eighth Circuit to retain jurisdiction of a State prisoner's federal habeas corpus case in which questions of undue delay are presented for a reasonable period of time in order to permit appropriate State court action." We added that "we believe that *Mucie* and the progeny of that case require district courts in the Eighth Circuit to direct further proceedings consistent with exhaustion, rather than entering an order of outright dismissal for failure to exhaust."

In accordance with that expressed view, we entered the following orders on March 3, 1983:

ORDERED (1) that all prayers of the State for outright dismissal at this time for failure to exhaust should be and are hereby denied. It is further

ORDERED (2) that the Assistant Federal Public Defender continue to assist petitioner Smith and petitioner Manis in connection with obtaining appropriate State court postconviction review on the merits of the cases discussed above. It is further

ORDERED (3) that in specific regard to petitioner Smith, the Assistant Federal Public Defender is granted additional time to investigate the circumstances sur-

rounding the failure to file a notice of appeal on behalf of petitioner Smith in order that he may thereafter take the action stated in the request and recommendation of the Federal Public Defender which we quoted above. It is further

ORDERED (4) that on or before April 15, 1983 the Attorney General's Office and the Assistant Federal Public Defender shall prepare, serve, and file their respective reports which shall advise this Court of all progress made in regard to petitioner Smith's and petitioner Manis' pending State court postconviction litigation.

Because of complications which need not be detailed, the time for the filing of the reports by the Attorney General's office and by the Assistant Federal Public Defender was extended from time to time in order that full and accurate data could be presented the Court before it entered further orders in regard to the pending applications for habeas corpus.

Consistent with the commendable cooperation which counsel for the parties have extended to each other and to this Court, Assistant Attorney General Rosalynn Van Heest of the Attorney General's office, and Ronald L. Hall, Assistant Federal Public Defender, were able to file a Joint Response to the March 3, 1983 orders entered by this Court both in regard to petitioner Smith and in regard to petitioner Manis. We turn now to those joint responses.

### IV. *Current Factual Circumstances Established by the Joint Responses*

#### A. *Petitioner Smith*

Twenty-five separate exhibits are attached to the joint response filed with regard to petitioner Smith. Those exhibits and the joint response detail and establish that, pursuant to appropriate motions filed on behalf of petitioner Smith by the Assistant Federal Public Defender in the Missouri Court of Appeals, Southern District, and in the Circuit Court of Greene County, Missouri, those courts have entered appropriate orders granting petitioner Smith leave to proceed *in forma pauperis* and leave to file

late notices of appeal in regard to each of the four denials of petitioner Smith's four separate Missouri Rule 27.26 motions.

The various motions and orders are described in the first fourteen paragraphs of the joint response. The last three paragraphs of the joint response filed with regard to petitioner Smith stated that:

(15) In mid-June, 1983 Divisions No. 1 and No. 4 of the Greene County Circuit Court appointed Mr. Peter N. Sterling, Public Defender for the Twenty-fifth Missouri Judicial Circuit, as appellate counsel in each of petitioner's four cases. Subsequently, the undersigned forwarded to Mr. Sterling a voluminous set of pertinent pleadings accumulated by the undersigned during his representation of the petitioner. The undersigned is certain that these pleadings will assist Mr. Sterling in preparing petitioner's briefs for submission to the Missouri Court of Appeals. The undersigned has also had several telephone conversations with Mr. Sterling. Mr. Sterling has advised the undersigned that he is preparing petitioner's briefs as quickly as possible.

(16) This Court should note that Ms. Rosalynn Van Heest, Assistant Attorney General, State of Missouri, Counsel for Respondent, cooperated in every possible way with the undersigned throughout his representation of the petitioner.

(17) The adverse judgments entered in Divisions No. 1 and No. 4 of the Greene County Circuit Court in each of petitioner's four Rule 27.26, Mo.R.Crim.P., actions will now be reviewed by the Missouri Court of Appeals, Southern District. Following that Court's decisions in these cases, no exhaustion of state court remedies issue should arise with regard to the specific federal constitutional grounds raised by the petitioner in these actions if and when the petitioner subsequently seeks federal habeas corpus review of the merits of his constitutional claims.

#### B. *Petitioner Manis*

The first four paragraphs of the joint response filed on behalf of petitioner Manis

related in detail the various communications the Assistant Federal Public Defender has had with Peter N. Sterling, the State Public Defender, who has been appointed to represent petitioner Manis both in connection with his appeal which pends in the Missouri Court of Appeals, Southern District, and also in connection with all of petitioner Manis' Missouri Rule 27.26 motions which presently pend in the Circuit Court of Greene County, Missouri.

Those four introductory paragraphs also reflect that the Assistant Federal Public Defender has forwarded copies of all of the voluminous pleadings that he collected during his representation of petitioner Manis to Mr. Sterling. Paragraph 4 of the joint response further establishes that on August 4, 1983 Mr. Sterling filed an appellant's brief on behalf of petitioner Manis in the case which pends on appeal in the Missouri Court of Appeals, Southern District. The last three paragraphs of the joint response filed with regard to petitioner Manis stated that:

(5) The files and records of petitioner's case in this Court indicate that on June 7, 1982, he filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C.A. §§ 2241–2254 U.S.Dist.Ct., W.D.–Mo., Case No. 82–0476–CV–W–1. In this federal action, Manis attacked his Missouri felony conviction and sentence for the "May, 1979 armed robbery" charge entered in Division No. 3 of the Greene County Circuit Court on February 22, 1980. Although he appealed this felony conviction to the Missouri Court of Appeals [*State v. Manis*, 614 S.W.2d 771 (Mo.App., S.D., 1981)], he has yet to challenge that conviction in a Rule 27.26 motion in the Circuit Court of Greene County, Missouri. In other words, the petitioner is seeking federal habeas corpus review of a conviction which, to date, has not been challenged in a Missouri collateral post-conviction proceeding.

(6) In petitioner's second federal habeas corpus action, filed in this Court on October 26, 1982, U.S.Dist.Ct., W.D.–Mo., Case No. 82–0903–CV–W–3–1, he is seeking to vacate his Missouri felony conviction and sentence for the "May, 1976 armed robbery" charge entered on March 1, 1977 in Division No. 4 of the Greene County Circuit Court. The petitioner challenged this conviction in a Rule 27.26 action in the Circuit Court of Greene County, Case No. CV181–2597–CC–4–2. The adverse decision in that case is presently pending on appeal in the Missouri Court of Appeals, Southern District. Mr. Peter Sterling is the petitioner's appellate counsel and has submitted petitioner's Brief to that Court. In his second federal petition, Manis also attacked his Missouri felony conviction and sentence for the "June, 1979 armed robbery" charge entered on June 10, 1980 in Division 4 of the Greene County Circuit Court. Manis, however, has attacked this conviction in a Rule 27.26 action which is still pending in the Circuit Court, Case No. CV182–425–CC–2–4. Mr. Sterling represents the petitioner in this action, having been appointed on April 14, 1983. Finally, Manis, in his second federal petition, is seeking to set aside his Missouri felony convictions and sentences for the "October, 1979 armed robbery" charge and the "August, 1979 armed robbery" charge entered in Division No. 2 of the Greene County Circuit Court on May 23, 1980. Again, however, both of these convictions are being attacked by the petitioner in a Rule 27.26 action presently pending in Division No. 4 of the Greene County Circuit Court. Mr. Peter Sterling has been assigned to represent Manis in this Missouri collateral post-conviction proceeding.

(7) In other words, all of the convictions which the petitioner attacks in his first and second federal habeas corpus actions have either not been attacked in a Rule 27.26 proceeding, or are being challenged presently in a 27.26 action, or are on appeal in the Missouri Court of Appeals, Southern District. Consequently, the petitioner, to date, has failed to comply with the exhaustion of available state court remedies requirement of 28 U.S.C.A. § 2254(b) and (c).

■ The joint response filed on behalf of petitioner Smith and the joint response filed on behalf of petitioner Manis establish that, in spite of the obvious efforts of both petitioners, acting on the ill-conceived advice of a fellow inmate to avoid compliance with the established Missouri Rule 27.26 procedures, both petitioners are now, by reason of the exemplary service rendered them by the Assistant Federal Public Defender and the commendable cooperation of the Assistant Attorney General, which resulted in the orders entered by the trial and appellate courts of Missouri, in a position to exhaust their available state postconviction remedies.

This Court's retention of jurisdiction in March, 1983 for the purpose of directing procedures which would, in fact, afford each petitioner an appropriate opportunity to exhaust available State postconviction remedies has served its purpose. There is therefore no occasion for the future retention of jurisdiction. Accordingly, orders will be entered dismissing all pending applications of both petitioner Smith and petitioner Manis for habeas corpus, without prejudice, in order that both petitioners may exhaust their available State court postconviction remedies pursuant to Missouri Rule 27.26 and by appealing any denial of State trial court relief, by appeal to the appropriate appellate courts of Missouri.

### V. Denial of Petitioners' Request for Bond

■ A word should be added in regard to a *pro se* "petition for setting of a bond," recently filed on behalf of both petitioners, and a letter dated July 15, 1983 in which that *pro se* pleading was forwarded directly to this Court. The "petition" directed this Court's attention to *Pool v. Wyrick,* 703 F.2d 1064 (8th Cir.1983) allegedly to support petitioners' claim that the State "appeal process is simply laying idle" and to state petitioners' belief that the "setting of a reasonable bond in the cases would cause the state court to move swiftly in the pending cases."

Both the "petition" and the letter of transmittal erroneously state that some State court has "removed" the Assistant Federal Public Defender as their counsel. The letter stated that this Court was to understand "that we know that Ron [Hall] did a good job and we appreciate it very much. We simply believe that since the state court removed him, that we are now alone."

Petitioners, of course, are not "now alone." Nor did any State court "remove" the Assistant Federal Public Defender from any of petitioners' cases. Mr. Hall was appointed to represent petitioners in this Court for the purpose stated in the orders of appointment. He has discharged his duty to petitioners in an exemplary manner. Copies of the various State court orders appointing Peter Sterling, State Public Defender, to represent petitioners in all pending Missouri Rule 27.26 proceedings in both the state trial and Missouri Court of Appeals, Southern District, have been forwarded to both petitioner and to their fellow inmate adviser as those orders were entered. It is thus obvious that petitioners are "not alone."

*Pool v. Wyrick, supra,* and all of the earlier *Pool v. Wyrick* cases, strongly suggest that the fellow inmate who has complicated petitioner Smith's and petitioner Manis' postconviction litigation may have also had some connection with that voluminous litigation. Indeed, a longhand note on a copy of a *pro se* letter of transmittal of the two *pro se* filings in the Missouri Court of Appeals, Southern District, which had been forwarded to the Assistant Federal Public Defender after they had been filed, see P–R Ex. No. XVII attached to petitioner Smith's joint response, stated: "Ron— got a copy of the *Pool v. Wyrick-Pool v. Brackman* case 703 F.2d 1064 (CA 8 1983)— it directly applies to this case—held that the federal court can give 90 days to state court to rule on all motions—then federal court can attack." *Pool v. Wyrick* did not so hold. That case did no more than apply the principles stated in *Wade v. Lockhart, supra,* and *Seemiller v. Wyrick, supra,* to the factual circumstances presented in that case.

Paragraph (7) of the joint response filed in regard to petitioner Smith reported the Assistant Federal Public Defender's April 13, 1983 receipt of a copy of both the *pro se* filings and a copy of the letter of transmittal to the Missouri Court of Appeals, Southern District from "the petitioner and his inmate counsel, Melvin Leroy Tyler." That paragraph of the joint response then stated that:

These two *pro se* pleadings and the cover letter accompanying them were submitted to the Missouri Court of Appeals by Smith in response to the two Orders entered by that Court on April 4, 1983. These documents were filed without the undersigned's knowledge or consent. On April 18, 1983, the undersigned again telephoned Mr. Cockrill [Clerk of the Missouri Court of Appeals, Southern District]. In that telephone conversation, he asked Mr. Cockrill to convey his apologies to the Court for the contumacious contents of petitioner's *pro se* Motions and cover letter. Mr. Cockrill stated that the undersigned's apologies would be made known to the Court.

The files and records in these cases establish that in spite of the difficulties created by the petitioners' inmate counsel, both petitioners are now in a position to make the same exhaustion of available State court postconviction remedies as that required by every other State prisoner who seeks to invoke this Court's federal habeas corpus jurisdiction.

Be all that as it may, neither the most recent Court of Appeals opinion in *Pool v. Wyrick,* nor any of the earlier cases involving Pool, support the notion that this Court should set some sort of a bond for petitioners involved in this case. We will enter an appropriate order denying the *pro se* "petition for setting a bond."

## VI.

Accordingly, and for the reasons stated above, it is

ORDERED (1) that petitioner Smith's application for habeas corpus in Case No. 82–0916–CV–W–1–R should be and the same is hereby dismissed without prejudice for failure to exhaust available State court postconviction remedies. It is further

ORDERED (2) that petitioner Manis' application for habeas corpus in Case No. 82–0476–CV–W–1 should be and the same is hereby dismissed without prejudice for failure to exhaust available State court postconviction remedies. It is further

ORDERED (3) that petitioner Manis' application for habeas corpus in Case No. 82–0903–CV–W–3–1 should be and the same is hereby dismissed without prejudice for failure to exhaust available State court postconviction remedies. It is further

ORDERED (4) that the *pro se* "petition for setting of a bond" should be and the same is hereby denied. It it further

ORDERED (5) that in the event a notice of appeal is filed in connection with any of the above orders, we now state that such an appeal may not be taken *in forma pauperis* for the reason that this Court is not able to certify in writing that such an appeal would be taken in good faith within the meaning of and as required by 28 U.S.C. § 1915(a).