**Thomas Lee WILLIS, Petitioner,**

v.

**Stonney R. LANE, etc., Respondent.**

**No. CIV-2-78-64.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 25, 1978.

Thomas Lee Willis, pro se.

William M. Leech, Jr., Atty. Gen. of Tenn., Nashville, Tenn., for respondent.

## MEMORANDUM OPINION, ORDER AND CERTIFICATE

NEESE, District Judge.

The petitioner Mr. Thomas Lee Willis requested *pro se* this Court to entertain his application for the federal writ of habeas corpus. He is in the custody of the respondent warden pursuant to the judgment of May 26, 1977 of the Criminal Court of Sullivan County, Tennessee resulting from his bargained plea of guilty to the crime of grand larceny. He claims that such plea was not voluntary and knowing, because it was entered at a time that he was mentally incompetent and, therefore, violated his right to due process of law, Constitution, Fourteenth Amendment. See *Boykin v. Alabama* (1969), 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274, 280, n. 5[10]. 28 U.S.C. § 2254(a).

Mr. Willis makes no claim of having exhausted his state remedies as to the question he seeks to present to this Court. See 28 U.S.C. § 2254(b).[1] Rather, he claims that he applied to the aforenamed state court for habeas corpus relief on the same ground as herein on March 16, 1978; that such application was denied on May 4, 1978; that he was allowed 30 days therefrom in which to perfect an appeal from such denial to the Court of Criminal Appeals of Tennessee; but that he is entitled now to an examination into the issue of his mental competency on May 26, 1977. In his own words, he claims:

\* \* \* \* \* \*

\* \* \* [I]n the instant case, petitioner testified at his state habeas corpus hearing, that he did not desire to waive a determination of his present competency and insists now as he insisted then that he was entitled to a 'mental test' as related to his claim of incompetency at the

time of his trial. *Dape [sic: Drope] v. Missouri* [(1975), 420] U.S. [162], 95 S.Ct. 896, [43 L.Ed.2d 103.]

It is further insisted, in behalf of the petitioner, that to force him to appeal the state court's adverse decision denying him relief, before affording petitioner a mental test, especially *in view* of the lenght [sic: length] of time it will take to obtain review by appeal and because of the seriousness of the petitioner's present competency in relation to his claim of incompetency at the time of his trial, any such delay would be detrimental to petitioner's proving a *'Pate' [v. Robinson* (1966), 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815] claim in the future, unless this Court assume jurisdiction. 28 U.S.C. sec. 2254(d); *Townsend v. Sain* [(1963), 372] U.S. [293], 83 S.Ct. 745, [9 L.Ed.2d 770.] \* \* \*

This would appear in sum to amount to a claim by Mr. Willis that " \* \* \* there is \* \* \* the existence of circumstances rendering such [available State corrective] process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b).

▪ Before a determination of whether such circumstances exist can be made, it must be determined whether Mr. Willis may have been deprived of a federal constitutional right. Any failure of the state trial court to observe procedures adequate to protect Mr. Willis' right not to be tried or convicted while incompetent to stand trial deprived him of his federal due process right to a fair trial. *Pate v. Robinson, supra,* cited in *Drope v. Missouri, supra,* 420 U.S. at 172, 95 S.Ct. at 904, 43 L.Ed.2d at 112–113[2]. Another consideration is whether Mr. Willis was entitled to a pretrial hearing on this issue, and whether any failure of the state trial judge to make further inquiry into Mr. Willis' competence to stand trial denied him a fair trial. *Ibid.,* 420 U.S. at 174–175, 95 S.Ct. at 905, 43 L.Ed.2d at 115, esp. [5]. All these factors

---

1. " \* \* \* An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant

has exhausted the remedies available in the courts of the State. \* \* \* " 28 U.S.C. § 2254(b), *supra.*

320

render it incumbent upon this Court to analyze the facts in order that the appropriate enforcement of the federal right of Mr. Willis may be assured. *Ibid.*, 420 U.S. at 175, 95 S.Ct. at 905, 43 L.Ed.2d at 115[7].

The state trial judge engaged in a meticulous pre-plea interrogation of Mr. Willis in relation to his mental condition. *Inter alia,* the following occurred:

    \*    \*    \*    \*    \*    \*

THE COURT: [Is there] [a]nything about your health, physical or mental condition that would cause you not to fully and completely understand the proceedings here today?

A. (Unintelligible response.)

THE COURT: Sir?

A. (Unintelligible response.)

    \*    \*    \*    \*    \*    \*

THE COURT: [Is there] [a]nything about your mental condition that would cause you not to fully and completely understand the proceedings here today?

A. Truthfully, yes.

THE COURT: What [is there] about your mental condition that would cause you not to fully and completely understand the proceedings?

A. I don't know how to explain it.

THE COURT: Do you feel that you do not ____ you cannot listen to the Court and completely understand everything that the Court is telling you and voluntarily plead guilty here today?

A. I don't ____ I don't mean it like that.

THE COURT: Have you had any treatment for any psychiatric, emotional or mental disorder?

A. No, sir.

THE COURT: Have you sought any?

A. I probably ____ yes, sir, I probably have, in a way.

THE COURT: Do you believe that you have some mental, psychological or emotional disorder?

A. I probably do, but not to the extent that I don't understand.

THE COURT: What is the nature of your problem?

A. I want to plead guilty.

THE COURT: I understand that, but

  .   .   .

A. Can I sit down?

THE COURT: Yes, sir. What do you believe is the nature of your problem? Is it a nervous problem?

A. Yes, sir.

THE COURT: Is there anything that would cause you not to think clearly here today?

A. Your honor, I want to plead guilty.

THE COURT: I understand that, Mr. Willis, but before the Court can allow a guilty plea, the Court must determine whether or not you are physically and mentally and emotionally capable of entering a guilty plea and whether you are, in fact, guilty.

A. Well, I have to admit that I'm going through a stage that ____ that's ____ that at times I don't understand myself, but

  .   .   .

THE COURT: You're saying that there are times you don't understand why you do what you do. Is that the problem?

A. I've been trying to justify a lot of things that I've done in my past.

THE COURT: I can understand that.

A. But, I understand what's going on here.

THE COURT: You don't think you have any problem ____ if you think that you, in fact, do, even 'though you haven't been treated for any problem: if you think that you do have some intermittent problems as you've stated ____ I think I am correctly paraphrasing what you said ___ if I misstate anything or ___ [do you] understand what I'm saying now? If I misstate it, you tell me very quickly. But do you believe that you ____ you've had a soul-searching problem recently, but it's not such as would affect your ability to clearly understand what I'm telling you. Is that what you're telling me?

A. Yes, sir.

THE COURT: And, you believe that you can fully and completely understand what we're doing.

A. Yes, sir.

THE COURT: And what you're doing?

A. Yes, sir.

THE COURT: And the nature of what you're doing?

A. Yes, sir.

THE COURT: And the consequences of it?

A. Yes, sir.

THE COURT: Have you had any, or are you taking any kind of drugs or any ___ [have you] had any liquor or alcoholic beverages within the past 24 hours?

A. Lord, no.

\* \* \* \* \* \*

THE COURT: Is there anything the Court has told you or asked you in any way that you failed to fully and completely understand?

A. Sir?

THE COURT: Do you understand my question[s]? Is there anything the Court has told you or asked you or read to you or said in these proceedings that you do not fully and completely understand?

A. ·No, sir.

\* \* \* \* \* \*

THE COURT: Is that a fair statement of the evidence in the case, Mr. Willis ___ what the [district] [a]ttorney [g]eneral has summarized there: is that a fair statement of the evidence in this case?

A. Yes, sir; but, there's a lot of it I don't understand, but, yet, I want to plead guilty.

THE COURT: What do you not understand? Tell the Court.

A. I don't know how to explain it.

THE COURT: Well, the Court doesn't know how to tell you unless you explain it. Is there anything about your plea or about the. evidence or about the procedure here that you do not understand? You've been through this before, have you not? You've been through a guilty plea or a trial or a finding of guilt on more than one occasion.

A. Yes, sir.

\* \* \* \* \* \*

THE COURT: You understand the consequences that flow from guilty pleas?

A. Yes, sir.

THE COURT: You're presently in prison as a result of that. Is there anything about these proceedings or the evidence stated by the state

A. Yes, sir.

THE COURT: What?

A. I understand.

THE COURT: Is there anything about the evidence as stated by the [district] [a]ttorney [g]eneral or the proceedings here today or your rights as stated to you by the Court that you do not understand? Is there anything about any of those that you do not understand?

A. No, sir.

THE COURT: All right. The Court is convinced ____ I'll say this for the record: I've observed, and he appears to be an intelligent gentleman, and the Court is satisfied as to his ___ as he tells the Court that he understands completely these proceedings here today, and the Court is satisfied. Are you satisfied, Mr. Attorney General?

[DISTRICT ATTORNEY] GENERAL JONES: Yes, your honor ___ based upon Mr. Willis' statement that he does understand.

THE COURT: Mr. Taylor [defense counsel], are you satisfied?

MR. TAYLOR: Yes, your honor.

THE COURT: Are you, Mr. McLellan [co-counsel for the defendant], that the [d]efendant completely and fully understands the proceedings?

MR. McLELLAN: Yes, your honor.

\* \* \* \* \* \*

■ This Court is not required to accept without question the applicant's representation that he was mentally incompetent at the time of his plea of guilty in the state court. *Cf. ibid.,* 420 U.S. at 177, n. 13, 95 S.Ct. at 906, 43 L.Ed.2d at 116, n. 13[9b]. The defense lawyers, who had the closest contact with Mr. Willis, *Pate v. Robinson, supra,* 383 U.S. at 391, 86 S.Ct. at 845, 15 L.Ed.2d at 815 (Harlan, J., dissenting), were satisfied that their client was competent. So was the prosecuting attorney, and of course, so was the state trial judge. On the basis of what was then known to the trial court, a mental examination of Mr. Willis was not even indicated, let alone constitutionally required. *Cf. Drope v. Missouri, supra,* 420 U.S. at 178, 95 S.Ct. at 906, 43 L.Ed.2d at 116–117.

■ Mr. Willis is presumed to have been mentally competent at the time of his plea. *Davis v. United States* (1897), 165 U.S. 373, 378, 17 S.Ct. 360, 41 L.Ed. 750, 754. Had the state trial court ordered and obtained a mental examination of Mr. Willis prior to his plea, the state trial judge would still have had to have decided the issue of whether Mr. Willis was in point of fact mentally competent to stand trial. *Hill v. United States,* C.A. 6th (1955), 223 F.2d 699, 701[1, 2]. The uncertainty of diagnosis in the field of mental competency and the tentativeness of professional judgment have been recognized. *Drope v. Missouri, supra,* 420 U.S. at 176, 95 S.Ct. at 906, 43 L.Ed.2d at 116. The state trial judge, having been convinced of Mr. Willis' mental competency to stand trial without the benefit of an advisory medical opinion, to such an extent that he did not deem such an examination indicated, it is patent that he would have been unlikely to have changed that opinion in that regard with the benefit of such advice.

■ This is not a situation such as in *Drope, supra,* where there was a great deal more information suggesting the incompetence of a criminal defendant than there is here. There was no history of pronounced irrational behavior on the part of Mr. Willis. All we have is Mr. Willis' own diagnosis [2] that he was "mentally incompetent at [the] time of [his guilty] plea."

The state trial judge's refusal to hold a competency hearing *sua sponte* was within the proper exercise of the sound judicial discretion he possessed under the circumstances presented. *Cf. United States ex rel. Suggs v. La Vallee,* D.C.N.Y. (1975), 390 F.Supp. 383, 390[14], vacated on other grounds C.A.2d (1975), 523 F.2d 539. This Court visualizes no valid reason to entertain the application of Mr. Willis, *cf. United States ex rel. Phelan v. Brierley,* C.A.3d (1971), 453 F.2d 73, 85–86, vacated on other grounds (1972), 408 U.S. 939, 92 S.Ct. 2875, 33 L.Ed.2d 762, rehearing denied (1972), 409 U.S. 899, 93 S.Ct. 182, 34 L.Ed.2d 155, when he has not exhausted his available remedies in the courts of Tennessee.

■ Mr. Willis is required to exhaust available state judicial remedies, by perfecting and pursuing an appeal from the lower court decision, denying him habeas corpus relief, before this federal cou.t will entertain his application for the federal writ of habeas corpus. *Picard v. Connor* (1971), 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443[1]. The purpose of this requirement is to prevent unnecessary conflicts between state and federal courts, and it is designed to give the state courts the first opportunity to correct any federal constitutional errors in a state prisoner's trial. *Idem.*

For such reason, the petitioner Mr. Willis hereby is DENIED all relief in this Court. Rule 58(1), Federal Rules of Civil Procedure. Should Mr. Willis give timely notice of an appeal from the judgment to be entered herein, he is authorized to proceed on such appeal in forma pauperis. Rule 24(a), Federal Rules of Appellate Procedure. Any such notice will be treated also as an application for a certificate of probable cause which, because a claim of mental incompe-

**2.** Mr. Willis' in-court self-diagnosis, that he failed to understand why he did some of the things he had done and that he indulged in efforts to justify his actions to himself, bespeaks to this Court more of sane soul-searching than mental incompetency.

tency is involved, will ISSUE, Rule 22(b), Federal Rules of Appellate Procedure.