Michael David MANIS, Petitioner,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Respondent.

No. 83-1195-CV-W-1-R.

United States District Court, W.D. Missouri, W.D.

Feb. 23, 1984.

Michael David Manis, pro se.

John Ashcroft, Atty. Gen. David C. Mason, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER APPOINTING COUNSEL, ORDER OF REFERENCE TO MAGISTRATE TO CONDUCT AN EVIDENTIARY HEARING

JOHN W. OLIVER, Senior District Judge.

### I.

This is a State prisoner habeas corpus case. Because an order appointing counsel and an order of reference to a United States Magistrate will be entered, it is appropriate that we state in some detail the petitioner's prior efforts to seek federal habeas corpus relief in order that the Magistrate and counsel be advised of what questions are and are not presented in connection with the currently pending petition.

### II.

The earlier and complicated procedural history of petitioner Manis' efforts to seek federal habeas corpus relief in regard to four separate State court convictions is fully detailed in *Smith v. Wyrick*, 558 F.Supp. 600 (W.D.Mo.1983) and in *Smith v. Wyrick*, 569 F.Supp. 664 (W.D.Mo.1983). Both those cases considered petitioner Smith's separate petitions for federal habeas corpus relief which pended in this Court as *Smith v. Wyrick*, No. 82-0916-CV-W-1-R and petitioner Manis' two separate applications for federal habeas relief which pended as *Manis v. Wyrick*, No. 82-0476-CV-W-1 and as *Manis v. Wyrick*, No. 82-0903-CV-W-1.

Part III, A, of *Smith v. Wyrick*, 558 F.Supp. at 604-05, detailed the factual cir-

cumstances concerning petitioner Manis' Missouri Rule 27.26 motion to vacate a seven-year sentence imposed March 1, 1977 on Manis' plea of guilty to a charge of robbery in Case No. 82–692–4 in the Circuit Court of Greene County, Missouri. That sentence, and only that sentence, is involved in petitioner Manis' currently pending petition for federal habeas corpus.

We noted in Part III, A, of the cited case, that the Circuit Court of Green County, Missouri, in Case No. CV–181–2597–CC–2 in that Court, had denied that motion on August 5, 1982; that on December 22, 1982 the Missouri Court of Appeals, Southern District, had granted petitioner Manis leave to file a late appeal; and that on February 11, 1983 the State Public Defender appointed to represent petitioner on appeal had, in fact, filed a Notice of Appeal from the State trial court's denial of Missouri Rule 27.26 relief on behalf of petitioner Manis.

We therefore concluded that under the circumstances, petitioner Manis had not exhausted his available State court postconviction remedies in regard to his March 1, 1977 seven-year sentence. We further stated that "at an appropriate time, this Court will enter an order dismissing petitioner Manis' federal petition for habeas corpus in regard to his seven-year sentence." 558 F.Supp. at 600.

Part IV, B, of *Smith v. Wyrick*, 569 F.Supp. at 669–71, detailed the procedural developments as of August 17, 1983 in regard to both petitioner Smith's and petitioner Manis' various petitions for federal habeas corpus since this Court entered its March 3, 1983 Orders reported in 558 F.Supp. at 612. In specific regard to petitioner Manis' attack on his March 1, 1977 seven-year sentence, we noted that the adverse decision of the Circuit Court of Greene County on petitioner Manis' Missouri Rule 27.26 motion "is presently pending on appeal in the Missouri Court of Appeals, Southern District" and that "Mr. Peter Sterling is petitioner's appellate counsel and has submitted petitioner's brief to that Court." 569 F.Supp. at 670. We therefore concluded that:

This Court's retention of jurisdiction in March, 1983 for the purpose of directing procedures which would, in fact, afford each petitioner an appropriate opportunity to exhaust available State postconviction remedies has served its purpose. There is therefore no occasion for the future retention of jurisdiction. (569 F.Supp. at 671)

Orders were accordingly entered on August 17, 1983 dismissing both of petitioner Manis' petitions for federal habeas corpus which sought federal habeas corpus relief in regard to, but not limited to, his March 1, 1977 seven-year sentence. Those dismissals of both of petitioner Manis' petitions for federal habeas corpus and the like dismissal of petitioner Smith's petitions for federal habeas corpus were "without prejudice" in order that both petitioners would be able to exhaust their available State court postconviction remedies. See 569 F.Supp. at 672.

On October 14, 1983 we received from petitioner Manis a motion and supporting suggestions to vacate our August 17, 1983 Order dismissing petitioner Manis' petitions for federal habeas corpus as those petitions related to his March 1, 1977 seven-year sentence. In an unreported Memorandum Opinion dated October 19, 1983, which stated the reasons for this Court's denial of petitioner Manis' October 14, 1983 motion to vacate this Court's earlier orders dismissing his federal habeas corpus petitions without prejudice, we noted that:

Petitioner [Manis], together with petitioner Smith, filed separate appeals from the orders entered by this Court on August 17, 1983. This Court refused to grant a certificate of probable cause. Petitioners thereafter made application to the Court of Appeals for the Eighth Circuit for a certificate of probable cause. The Court of Appeals denied that application on October 11, 1983. This Court's August 17, 1983 order is thus a final order.

We further noted in our October 19, 1983 unreported Memorandum Opinion that the Missouri Court of Appeals, Southern Dis-

trict, had, on October 4, 1983, in *Manis v. State of Missouri,* No. 13136 in that court, now reported in 659 S.W.2d 337 (Mo.App. 1983), affirmed the Circuit Court of Greene County, Missouri's denial of petitioner Manis' Missouri Rule 27.26 motion to vacate his March 1, 1977 seven-year sentence. We also noted in that Memorandum Opinion that "The recent decision of the Missouri Court of Appeals, Southern District, affirming the denial of rule 27.26 relief by the Circuit Court of Greene County, Missouri in connection with the seven year robbery sentence may reflect an exhaustion of petitioner Manis' available State postconviction remedies in connection with that particular sentence." We added that:

If petitioner Manis so contends, the next appropriate procedural step is for petitioner Manis to prepare, serve and file a completely new application for federal habeas corpus which will be confined *solely* to the seven year sentence. Such an application for federal habeas corpus will be subject to established procedures of this Court and be given appropriate consideration after the Court will have reviewed the response to an order to show cause to which will be attached all State court records relating to the seven year sentence.

We explained in our October 19, 1983 unreported Memorandum that "the practical effect of this Court's denial of petitioner Manis' pending motions will require the separation of all questions which relate to the seven-year sentence from the questions which may relate to petitioner Manis' other sentences and thus, in an entirely new proceeding, may enhance the orderly processing of any and all questions which may relate to petitioner Manis' 1977 conviction on his plea of guilty."

Petitioner Manis filed a Notice of Appeal to the Court of Appeals for the Eighth Circuit. This Court refused to make a certificate of probable cause. The Court of Appeals considered petitioner Manis' application for a certificate of probable cause in that Court in *Manis v. Wyrick,* Misc. No. 83–8161, and, on January 16, 1984, entered an order which stated that "The Court has carefully considered the application, the original file of the District Court in its cases Nos. 82–476–CV–W–1 and 82–0903–CV–W–1, as well as the District Court's order of October 19, 1983 and it is hereby ordered that appellant's application be denied."

Although petitioner Manis unsuccessfully sought to appeal this Court's October 19, 1983 Order, the files and records of this Court show that on November 1, 1983 petitioner Manis, in accordance with what this Court stated in its October 19, 1983 unreported Memorandum, did file a new and separate petition for federal habeas corpus in which he attacked only his March 1, 1977 seven-year conviction. It is the validity of that conviction, and only the validity of that conviction, that is involved in the currently pending case.

The Office of the Attorney General of Missouri filed a response to this Court's order to show cause entered in petitioner's new case which prayed that "This cause should be dismissed without further judicial proceedings." We find and conclude, however, that the response of the Attorney General's office and the exhibits attached thereto establish that petitioner Manis is entitled to a federal plenary evidentiary hearing for the reasons we now state.

### III.

#### A.

The Attorney General's response and the exhibits attached thereto must be considered in light of various subparagraphs of 28 U.S.C. § 2254(d) which, consistent with the principles stated in the trilogy of *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), and *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), provide that a State prisoner is not entitled to federal evidentiary habeas hearing unless it appears (1) that the merits of the factual dispute were not resolved in the State court hearing, (2) that the fact finding procedure

employed by the State court was not adequate to afford a full and fair hearing, (3) that the material facts were not adequately developed at the State court hearing, or (4) that the application did not receive a full, fair, and adequate hearing in the State court proceeding.

The first factual dispute that could be said to be presented relates to petitioner Manis' claim that "The state court hearing was unfair under the principles stated in *Tyler v. Swenson*, 427 F.2d 412 (C.A. 8), in that Judge Crow, the hearing officer was biased and prejudiced toward the petitioner," a claim stated in an inappropriate place in petitioner Manis' petition for federal habeas corpus.

In accordance, however, with the requirement of paragraph 12 of the standard federal habeas corpus form that the petitioner "state concisely every ground on which you claim you are being held unlawfully," petitioner Manis alleged that his "conviction is unconstitutional" for the reasons that:

    A.  Petitioner was denied effective assistance of counsel in violation of the 6th and 14th amendments to the US Constitution.

    B.  Petitioner did not knowingly or intelligently enter a plea of guilty, because movant did not know that he would not have to be a witness against himself; and, that petitioner was under the influence of drugs at the time of the plea.

    C.  Petitioner did not knowingly plead guilty because the state withheld evidence, in that the state witness was not going to identify the petitioner, had been induced to identifying the petitioner.

And in compliance with the requirement of paragraph 13 of the standard federal habeas corpus form petitioner Manis alleged that "all issues have been presented."

### B.

It should be noted at the outset that the Attorney General office's response, in its "statement as to exhaustion," properly conceded that "there is no question that petitioner has properly exhausted his State

remedies as to his seven-year robbery conviction." (See Response, p. 3). That concession was properly made in light of the express statement of the Missouri Court of Appeals, Southern District, in its October 4, 1983 opinion, that "This court has ... considered each point in the motion under Rule 27.26" and in light of its determination on the merits that "the trial court correctly determined that none of those points has merit." See *Manis v. State of Missouri*, 659 S.W.2d 337, 339 (Mo.App.1983).

### C.

The transcript of the State trial court Missouri Rule 27.26 hearing held August 4, 1982, (Respondent's Exh. B), shows that the first matter considered at that hearing was petitioner Manis' motion to disqualify the Honorable John C. Crow, the State trial judge assigned to conduct the Missouri Rule 27.26 hearing. Petitioner Manis' appointed counsel stated to the State trial judge that petitioner Manis had informed him that "you were endorsed as a witness in a perjury case against the defendant" and that although "the perjury case never came to trial," petitioner Manis "feels that the court may well be prejudiced against him and asks the court to disqualify itself at this time." (Respondent's Exh. B, p. 1–2).

The State trial judge recalled that "there were at least two jury trials in this division in which Mr. Manis was tried on first degree robbery" and that "as a result of one of those trials, apparently based upon the testimony that Mr. Manis gave, the state charged Mr. Manis with perjury." (*Id.* p. 2). The State trial judge stated that "It may well be that I was endorsed as a witness in that case" but that, for reasons which he stated in detail, he did not believe that those circumstances afforded any "basis for disqualification." (*Id.* p. 2–3).

Counsel for petitioner Manis advised the State trial judge that he was aware of the fact that a petition for mandamus, which also sought to disqualify the State trial judge, had been filed on behalf of petition-

er Manis; that he had reviewed the applicable law; and that he was satisfied that it was "discretionary with you whether or not to disqualify yourself ... There is no authority for mandatory disqualification." (*Id.* p. 4).

After the State trial judge stated that he knew of no reason why he should disqualify, Petitioner Manis' counsel stated that: "[M]y client has assured me that he will rely upon the judgment of this court in making a determination whether, in fact, the court feels it might be prejudiced against him in the matter, and he indicates to me that if, in fact, the court does not so feel that we are ready to proceed."

The State trial judge accordingly responded that "[g]iven the case out of which this 27.26 proceeding arises, which is a case that was handled by another judge and in which I had no participation in any way, I just simply find no reasons why it would not be appropriate for me to hear this case." (*Id.* p. 5). Petitioner Manis' counsel responded "very good" and the hearing went forward.

Petitioner does not allege in this federal habeas corpus petition that his Missouri Rule 27.26 counsel did not accurately state either the applicable law or petitioner Manis' position that "we are ready to proceed" if the State trial judge decided that he was not disqualified under the circumstances.

The Attorney General office's response inadvertently assumed that petitioner Manis' motion to disqualify, and the various *pro se* petitions for mandamus filed on behalf of petitioner Manis, were directed against the Honorable Max E. Bacon, the State trial judge who accepted petitioner Manis' guilty plea, rather than against the Honorable John C. Crow, the State trial judge who actually presided over the hearing of petitioner Manis' Missouri Rule 27.26 motion. Neither the inadvertent error of the Attorney General's office nor petitioner Manis' various claims asserted in a large number of *pro se* pleadings filed on his behalf in this and in other cases which claim that all the judges of the Circuit Court of Greene County, Missouri are bi-

ased and prejudiced against him are questions presented in the currently pending case.

All such questions will not and should not be further noticed by the Magistrate and counsel for the obvious reason that petitioner Manis will be granted a plenary evidentiary hearing in this Court. All alleged questions of bias and prejudice on the part of the judges of the Circuit Court of Greene County are thus mooted so far as the pending case is concerned.

We have discussed petitioner Manis' bias and prejudice claim in some detail because the claims of bias and prejudice made on his behalf in this and other cases have unduly complicated and delayed the orderly processing of petitioner Manis' postconviction claims in this Court and in the Courts of Missouri.

## D.

Although some evidence was adduced at the Missouri Rule 27.26 hearing in regard to the factual disputes presented by all three of the grounds alleged by petitioner Manis in his pending federal habeas corpus petition, the evidence adduced at that hearing focused in greatest detail on petitioner Manis' claim that he "did not knowingly or intelligently enter a plea of guilty ... because ... petitioner was under the influence of drugs at the time of the plea," as alleged in ground B in his federal habeas corpus petition. It is therefore appropriate that this Court also focus primarily on that factual issue. For it is clear that if petitioner Manis is entitled to a federal plenary evidentiary hearing in regard to the drug issue, all the other factual issues presented in his federal habeas corpus petition may also be given appropriate attention at the hearing that must, in any event, be conducted in this Court.

The transcript of the Missouri Rule 27.26 hearing shows that the only evidence adduced in the entire proceeding was the live testimony of petitioner Manis, the affidavits of Calvin Hanson and Jack Swearingin, who were then fellow inmates of petitioner

Manis in the Missouri Penitentiary, and the transcript of the March 1, 1977 proceeding in which defendant's guilty plea was accepted by Judge Bacon.

Petitioner Manis testified at the Missouri Rule 27.26 hearing that he understood that there was a plea bargain in his case and that "if I'd plead guilty in front of the judge, I'd get seven years" (Respondent's Exh. B, p. 8). When asked whether he understood the proceedings in regard to his plea of guilty he testified as follows:

Q Did you understand the judicial proceedings?

A I knew what I supposed to do. I knew I was supposed to go over and listen to the judge and that was all I had to do.

Q And how did you know what you were supposed to do?

A That's what my attorney had told me.

Q He'd gone over it and coached you on this, is that correct?

A Yes.[1] (*Id.* p. 12–13).

When asked whether he was "informed of [his] rights when you made that plea," petitioner Manis testified "I don't remember if I was or wasn't" (*Id.* p. 8). In a similar manner, petitioner Manis testified that he did not remember whether he was "made aware that you did not have to take the stand and no one could say anything about not taking the stand."[2] (*Id.* p. 10).

Petitioner Manis did not deny that Judge Bacon had read the felony information to him before accepting his plea of guilty (*Id.* p. 22). He simply testified "No, I don't deny it. I just said I don't remember him

saying it" (*Id.* p. 22).[3] Petitioner Manis' alleged inability to recall what had transpired at the March 1, 1977 guilty plea proceeding was based on his testimony that he was "on drugs" at the time he "entered his plea of guilty" (*Id.* p. 10).[4]

The Missouri Rule 27.26 transcript shows the following questions and answers of petitioner Manis:

Q [W]ere you on any drugs on the day of the plea?

A Yes, I was.

Q And what drugs were you doing at that time?

A I believe I was on some acid, and I'd been smoking some weed. There was some other drugs in there at the time but I don't recall.

Q When ... and how long before you entered this plea of guilty had you dropped that acid or taken that acid?

A The night before that I went to court, we had taken some. And it lasts rather a long time. We were up all night long.

Q Acid has a very strong speed effect, does it not?

A Yes, it does.

Q I take it you did not get any sleep all night long?

A No, sir.

When asked "What effect, if any, did these drugs have on your entering this plea of guilty?", petitioner Manis testified that: "Nothing seemed to be serious to me. I thought it was more or less kind of a big joke" and that he "felt lightheaded and sort of giggly." (*Id.* p. 12).

---

1. Later in his testimony, petitioner Manis testified that: "[M]y lawyer had told me earlier that morning exactly what I'm supposed to say before I get in there. You know, I'm seventeen years old. What do I know about a court of law? He tells me: 'You say this and this and this, and it's over with. You've got your seven years and you'll be out in a year'" and that he was "answering automatically to the questions as instructed by [his] attorney." (*Id.* p. 26).

2. Petitioner Manis answered "yes, sir" to the question: "When you pled guilty, you were under the impression that if you went to trial, you

would have to take the stand and testify against yourself." (*Id.* at 10).

3. When the Assistant Prosecuting Attorney stated: "According to the transcript, you said 'Yes, sir'," petitioner Manis stated: "Yeah, that's what my lawyer had me say." (*Id.* p. 22).

4. He testified that "drugs were pretty easy to get in the jail at that time" in that "a small window ... in the city tank ... had been broken out, and they had a small plexiglass taped over the window. We used to push that back and get drugs in." (*Id.* p. 11).

Petitioner Manis made clear on cross-examination that the drugs he allegedly took "LSD or acid, whatever you want to call it," were taken the night before rather than on the day the guilty plea proceeding was conducted. (*Id.* p. 19). He again added, however, that "LSD or acid ... lasts a long time." (*Id.* p. 19).[5] Petitioner Manis further testified that he did not remember whether or not Judge Bacon had asked him "whether you were under the influence of drugs when you entered your plea of guilty." (*Id.* p. 13).[6]

The affidavits of Calvin Hanson and Jack Swearingin were offered and received in evidence without objection. (*Id.* p. 27). Those two affidavits were offered to show the two affiants' "knowledge of the condition of the defendant at the time of the plea hearing" and "to avoid bringing them down here" from the penitentiary. (*Id.* p. 27). Although the copies of affidavits in the record are difficult to read, see pages 20 and 21 of the Respondent's Exhibit F, it is clear that both affiants stated that they had been in the Greene County Jail at the same time petitioner Manis was an inmate in March of 1977.

Hanson's affidavit stated that he personally gave petitioner a number of different kinds of drugs, which he stated that petitioner Manis took, with the result that he "did not know much about what was going on" and that he was "messed up all the time." Swearingin's shorter affidavit was that petitioner Manis "was being given daily drugs and was out of his mind at all times."

The affidavits of Hanson and Swearingin, would not, standing alone, establish that petitioner Manis would have a right to an evidentiary hearing in this Court on his federal habeas corpus petition. Neither affidavit purported to have any personal knowledge in regard to whether petitioner

Manis was, in fact, under the influence of drugs at the time his guilty plea was accepted. Indeed, the most that could be said in regard to the uncontested affidavits is that they might tend to corroborate petitioner Manis' testimony that drugs were, in fact, available to him during the time he was confined in the Greene County Jail. *Cf. Smith v. Wyrick*, 538 F.Supp. 1017 (W.D.Mo.1982), *aff'd*, 693 F.2d 808 (8th Cir. 1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 1277, 75 L.Ed.2d 497 (1983).

E.

After petitioner Manis rested his case upon the completion of his testimony, the Assistant Prosecuting Attorney offered the March 1, 1977 transcript of the guilty plea proceeding, (Respondent's Exh. A) in evidence and immediately rested the State's case. The State trial judge called for immediate argument.

Petitioner Manis' counsel argued, among other matters, that "There's been no evidence to contradict ... the fact that the defendant was under the influence of LSD at the time he made [his] plea." (Respondent's Exh. B, p. 34). He also argued that "[T]here's credible testimony that, in fact, the defendant could [have been] and was under the influence of drugs which, of course, would have influenced his ability to make an intelligent and knowing waiver of his constitutional rights to enter a plea of guilty."

The Assistant Prosecuting Attorney simply argued that "There is no basis for setting aside the judgments and convictions when the allegations contained in the motion are refuted by the files and records of the case" and that "[t]he files and records of the case reflect that he stated he did understand the charges and he was voluntarily entering his plea because he was

---

**5.** Petitioner Manis further testified that although he had earlier told his lawyer that he was "on drugs," he did not tell him that he was "under the influence of drugs" on the day of the guilty plea proceeding. (*Id.* p. 13).

**6.** It is important to note that the transcript of the March 1, 1977 plea proceeding, Respondent's A, does not show that any inquiry of any kind was made in regard to whether petitioner may or may not have been under the influence of drugs at the time his guilty plea was accepted.

guilty and that the plea had not been coerced or threatened."

The Missouri Rule 27.26 hearing was closed with the State trial judge's statement that "The court's required to make findings of fact on the grounds presented. The court will prepare a written judgment with those findings of fact and send that to counsel for both sides and the movant."

### F.

The State trial court filed what was captioned a "Judgment" in the Missouri Rule 27.26 proceeding on August 5, 1982, the day following the hearing. See Respondent's Exhibit C. In regard to petitioner Manis' claim that "his plea of guilty was not made knowingly or voluntarily because he was under the influence of drugs," the State trial judge stated that petitioner Manis had admitted "at the 27.26 hearing, that he knew what he was supposed to do at the time of the plea and that he talked with his family in the courtroom when the plea was entered." The State trial judge further stated that "Movant knew before going to court that he had a plea agreement for seven years and he received the sentence bargained for."

The State trial judge, consistent with the Assistant Prosecuting Attorney's argument, then stated that:

> Additionally, the transcript of the guilty plea shows that Movant made 21 separate responses to Judge Bacon's questions and two responses to his attorney's questions. All of the responses were appropriate. Nothing in the record suggests that Movant's mental processes were impaired or dulled. In the face of this evidence, the Court cannot find that Movant was under the influence of drugs at the time his plea was entered.

Petitioner Manis' Missouri Rule 27.26 motion was denied and petitioner Manis was remanded to the custody of the Missouri Department of Corrections. As above noted, the Missouri Court of Appeals, Springfield District, summarily af-

firmed the State trial court's determination that petitioner Manis was not under the influence of drugs at the time his guilty plea was accepted.

### G.

The response filed by the Attorney General's office in this Court argued that the pending petition for federal habeas corpus "should be dismissed without further judicial proceedings." (Response to Order to Show Cause, p. 8). It is thus apparent that the response of the Attorney General's office presents exactly the same argument to this Court that the Assistant Prosecuting Attorney presented the State trial court. The response filed in this Court reiterated the argument that "the transcript of petitioner's guilty plea hearing, Respondent's Exhibit 1, reveals that petitioner's claims are groundless." (*Id.* p. 7).

Consistent with that argument, the response of the Attorney General's office cited only a few pages of the March 11, 1977 guilty plea proceeding to support the reiterated argument that "[o]ne need only to read the transcripts of petitioner's guilty plea hearing to see that his testimony was clearly coherent and in no way exhibited any impairment due to drug addiction. Petitioner's counsel and mother were present and neither they nor the judge made any statements indicating that petitioner was anything less than alert and very much aware of what he was doing."

The response of the Attorney General's office cited and briefly discussed only three cases to support the argument that this case should be dismissed without further judicial proceedings. We shall state the reasons why those cited cases do not support the State's argument in the next part of this memorandum opinion.

### III.

The first case relied upon by the State, *Willis v. Lane*, 469 F.Supp. 318, 319 (E.D. Tenn.1978), affirmed without published opinion in 595 F.2d 1227 (6th Cir.1979),[7]

---

7. *Willis v. Lane,* decided by the District Court

for the Eastern District of Tennessee, was af-

was cited in support of the State's argument that "a District Court is not required to accept without question a habeas corpus petitioner's claim that he was mentally incompetent when he pleaded guilty in state court."

Examination of *Willis v. Lane, supra,* establishes, however, that the State's paraphrase of a single sentence from Judge Neese's opinion in that case, see 469 F.Supp. at 322, is inappropriate. For that case presented a simple question of exhaustion which Judge Neese ruled by concluding that "this Court visualizes no valid reason to entertain the application of Mr. Willis ... when he has not exhausted his available remedies in the courts of Tennessee."

Then Chief Judge Becker's opinion in *Newman v. State,* 394 F.Supp. 83 (W.D.Mo. 1974) is cited in further support of the State's argument that a federal district court is not required to accept a State prisoner's "claim that he was mentally incompetent when he pleaded guilty in state court." The response of the Attorney General's office added that "[t]his is especially true where the record of a petitioner's testimony demonstrates that the petitioner was competent and able to understand, on a rational and factual level, the nature of the proceedings against him and could assist his counsel at the time he entered his plea."

The only similarity between this case and *Newman* is that in both cases petitions for federal habeas corpus relief were filed in this Court and both cases involved seven-year robbery sentences imposed on pleas of guilty by the Circuit Court of Greene County, Missouri. *Newman* shows that the petitioner Newman's Missouri 27.26 motion was denied without a State court evidentiary hearing, but that, in accordance with *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963) a federal evidentiary hearing was ordered and conducted by then Chief Judge Becker. *Newman*

simply concluded that the factual circumstances presented in that case were distinguishable from those presented in *Brizendine v. Swenson,* 302 F.Supp. 1011 (W.D. Mo.1969), in which this Court granted federal habeas corpus relief.

*Newman* does not in any way support the notion that either a State or a federal court can, without conducting an appropriate evidentiary hearing, resolve a legitimate factual dispute in regard to whether a defendant was or was not under the influence of drugs at the time of his guilty plea solely on the basis of the transcript of the proceeding at which the plea was accepted.

The response of the Attorney General's office conceded that "Judge Crow did not specifically find that the petitioner's testimony [that he was under the influence of drugs] was not credible." *Id.* p. 8. In an apparent effort to establish that the drug factual dispute was, in fact, resolved by the State trial judge, the response of the Attorney General's office cited *Marshall v. Lonberger,* —— U.S. ——, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) to support the argument that "while Judge Crow did not specifically find that petitioner's testimony was not credible, it must be presumed that he did so find as a necessary prerequisite to his ruling."

*Marshall v. Lonberger,* which involved the application of section 2254(d)(8) to a most unusual factual situation, does not support the State's argument. That case reiterated the established rule that "the governing standard as to whether a plea of guilty is voluntary for purposes of the federal constitution is a question of federal law." In regard to the failure of a State court "to make express findings as to the defendant's credibility," *Marshall v. Lonberger,* did no more than approve the standard stated in *Lavallee v. Delle Rose,* 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973), which held that if it was apparent from the State court record that the State "court would have granted the relief

firmed by the Sixth, rather than the Eighth Circuit, as the response of Attorney General's

office inaccurately stated.

sought by the defendant had it believed the defendant's testimony, its failure to grant relief was tantamount to express finding against the credibility of the defendant."

*Marshall v. Lonberger's* express reliance upon *Lavallee v. Delle Rose,* must be considered in light of the fact that in *Marshall v. Lonberger* the record established that full evidentiary hearings were conducted in both the State and federal district court on the voluntariness of the defendant's confessions which were admitted in evidence at the petitioner's State court trial. Appropriate consideration must also be given to the fact that both *Marshall v. Lonberger* and *Lavallee v. Delle Rose* reaffirmed the standards stated in *Townsend v. Sain,* 372 U.S. 293, 314–315, 83 S.Ct. 745, 757–758, 9 L.Ed.2d 770 (1963). The notion that reliable findings of fact, as required by the standard stated in that case, may be established by "presumptions" is untenable.

The judgment of the State trial court denying Missouri Rule 27.26 relief did not in any way suggest that it recognized that federal standards were applicable to the question as to whether the plea of guilty was voluntary for purposes under the Constitution of the United States. Nor did the judgment of the State trial court suggest that if it had found petitioner Manis' testimony to be credible, it would have granted postconviction relief. The decision of the Missouri Court of Appeals, Southern District, of course, stated no reason at all as to why it determined, on the merits, that "The trial court correctly determined that none of [the points in the motion under Rule 27.26] has merit."

This Court, unlike the lower federal courts in *Marshall v. Lonberger,* is not making any finding that a "factual determination" of a State court "is not fairly supported by the record" within the meaning of section 2254(d)(8). Section 2254(d)(8) simply is not called into play under the circumstances of this case. We thus conclude that the State's argument based on *Marshall v. Lonberger* is untenable.

We turn now to the cases which require that petitioner Manis be granted a federal plenary evidentiary hearing in regard to all three of the grounds alleged in his pending federal habeas corpus petition.

## IV.

The standard under which it is mandatory for a federal district court to grant a State prisoner a postconviction evidentiary hearing was stated over twenty years ago in the landmark case of *Townsend v. Sain,* 372 U.S. 293, 312–3, 83 S.Ct. 745, 756–57, 9 L.Ed.2d 770 (1963):

*Where the facts are in dispute,* the federal court in habeas corpus *must* hold an evidentiary hearing if the habeas applicant *did not receive a full and fair evidentiary hearing in a state court,* either at the time of the trial or in a collateral proceeding. In other words a federal evidentiary hearing is required unless the state-court trier of fact has *after a full hearing reliably found the relevant facts.* (372 U.S. at 312–23, 83 S.Ct. at 756–62). (Emphasis ours).

In recognition of the experience that the too general standard stated ten years earlier in *Brown v. Allen,* 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953) had not served its intended purpose, the Court concluded in *Townsend v. Sain* that some particularization of the new standard would be useful. The Court accordingly added that:

We hold that a federal court must grant an evidentiary hearing to a habeas applicant under the following circumstances: If (1) the merits of the factual dispute were not resolved in the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing. (372 U.S. at 313, 83 S.Ct. at 757).

Circumstances (1), (3), (5), and (6) of the Court's particularized standard stated in *Townsend v. Sain* were codified by the Congress in substantially identical language in 28 U.S.C. § 2254(d)(1), (2), (3) and, (6), respectively.

*Townsend v. Sain*, of course, made clear that a federal "district judge may, where the state court has reliably found the relevant facts, defer to its findings of fact." (*Id.* at 318, 83 S.Ct. at 760). Indeed, the Court emphasized that if the federal district judge, in a State prisoner case "where the material facts are in dispute ... concludes that the habeas applicant was afforded a full and fair hearing by the state court resulting in reliable findings, he may, and ordinarily should, accept the facts as found in the hearing." (*Id.* at 318, 83 S.Ct. at 760).

It is clear, however, that if the State court does not afford a State prisoner "a full and fair hearing" which results in "reliable findings," the federal district court is under mandatory duty to grant the State prisoner an appropriate plenary evidentiary hearing in regard to all unresolved factual issues.[8]

The Eighth Circuit has stated and applied the applicable federal standard in numerous cases. See, for example, the recent case of *Speedy v. Wyrick*, 702 F.2d 723, 728 (8th Cir.1983), in which the district court was reversed for failing to grant an evidentiary hearing. *Speedy* concluded that: "It is firmly established that a federal district court must grant an evidentiary hearing in a section 2254 action if the petitioner's allegations, if proven, would establish his right to release and 'if relevant facts are in dispute and a fair evidentiary hearing was not granted in state court.' *Parton v. Wyrick*, 614 F.2d 154, 158 (8th Cir.), *cert. denied*, 449 U.S. 846, 101 S.Ct. 131, 66 L.Ed.2d 56 (1980). See *Townsend v. Sain*, 372 U.S. 293, 312–13, 83 S.Ct. 745, 756, 9 L.Ed.2d 770 (1963); *Jensen v. Satran*, 651 F.2d 605, 608 (8th Cir.1981); *Hampton v. Wyrick*, 606 F.2d 834, 836 (8th Cir.1979), *cert. denied*, 444 U.S. 1022, 100 S.Ct. 681, 62 L.Ed.2d 654 (1980). This rule generally applies unless the dispute can be resolved on the basis of the record. *Jensen v. Satran*, *supra*, 651 F.2d at 608; *Lindner v. Wyrick*, 644 F.2d 724, 729 (8th Cir.), *cert. denied*, 454 U.S. 872, 102 S.Ct. 345, 70 L.Ed.2d 178 (1981)." (Citing *Townsend v. Sain* and numerous Eighth Circuit cases). (*Id.* at 726.) *Speedy*, in footnote 3, noted that in *Jensen v. Satran*, 651 F.2d 605, 607–08 (8th Cir.1981), the Eighth Circuit had then recently quoted verbatim the particularized standard of *Townsend v. Sain* which we have quoted above.

### B.

Application of the long established federal standard requires an examination of the Missouri Rule 27.26 hearing afforded petitioner Manis and a determination of wheth-

---

**8.** In 1966, in the early aftermath of the Court's 1963 habeas corpus trilogy, the Court en banc of the Western District of Missouri stated in an appendix to its Court en banc opinion in *White v. Swenson*, 261 F.Supp. 42, 63 (W.D.Mo. en banc, 1966) the following: "The United States District Court for the Western District of Missouri has adopted, and hopes that the State courts adopt, a procedure in which post-conviction complaints can be fully and, as far as possible, finally adjudicated in one proceeding involving no more than one evidentiary hearing. The object of this is to hear all complaints and simultaneously save the time of the State officers, including the judge, Attorney General, Prosecuting Attorney and lawyers appointed for defendants."; "As a general rule, it appears that every persistent convict will eventually secure at least one plenary evidentiary post-conviction hearing. The reason for this is that the opinions of the Supreme Court of the United States now hold that an evidentiary hearing is required on the unsupported allegation of facts by a convict indicating a violation of his Federal constitutional rights, even though judicial and other officers may have personal knowledge that the allegations are wholly false."; and "The United States District Courts would prefer that this one plenary evidentiary hearing be accorded State convicts by State courts. However, if the State courts do not accord the State convict the evidentiary hearing on one or more of his claims of violation of Federal Constitutional rights, then the United States District Courts are obligated to accord the hearing to the convict." Those principles have been followed and applied over the years in the great volume of State prisoner habeas corpus cases that have been filed and processed in this Court.

er the State trial court "after a full hearing reliably found the relevant facts." The State trial judge took notice of petitioner Manis' testimony at the 27.26 hearing, that petitioner Manis "knew what he was supposed to do at the time of the plea and that he talked with his family in the courtroom when the plea was entered" (Respondent's Exh. C, p. 2). In light of the State trial court's denial of petitioner Manis' Missouri Rule 27.26 motion, it would be unreasonable to assume that the State trial court intended to make a finding consistent with petitioner Manis' testimony that his "lawyer told me earlier that morning exactly what I'm supposed to say" and that in answering the questions asked him at the time of his guilty plea he was "just going through the motions ... answering the questions as instructed by [his] attorney" (Respondent's Exh. B, p. 26).

We think it would be equally unreasonable to conclude that the fact that the petitioner testified at the Missouri Rule 27.26 hearing that he knew that the guilty plea proceeding was going to be conducted and that he had talked to his family in the court the day his plea was accepted is equivalent to a reliable finding of fact that petitioner was not under the influence of drugs at the time his guilty plea was accepted. Convincing evidence of the fact that one who spent the entire afternoon in a bar drinking whiskey may have known that he was supposed to go home at 6 o'clock for a dinner party and that he talked to his family when he got home at 6:15 p.m. simply would not support a reliable finding that such a person was not driving under the influence on his way from the bar to his home.

The same thing is true of the only other Missouri Rule 27.26 testimony of petitioner Manis noted by the State trial court to the effect that "Movant knew before going to court that he had a plea agreement for seven years and he received the sentence bargain." (Respondent's Exh. C, p. 2). It is entirely conceivable that petitioner Manis could have had such knowledge even though he was under the influence of drugs at the time of his guilty plea proceeding. Apart from those comments on isolated portions of petitioner Manis' Missouri Rule 27.26 testimony, the "judgment" of the State trial court established that the State trial judge accepted the untenable argument of the Assistant Prosecuting Attorney that "the allegations in the motion are refuted by the files and records in this case" and that "the files and records of the case reflect that he stated he did understand the charges and he was voluntarily entering the plea because he was guilty." (Respondent's Exh. B, p. 36). For the State trial judge expressly stated in the "judgment" that in "the face of the evidence [contained] *in the transcript of the guilty plea* ... the Court cannot find that movant was under the influence of drugs at the time his plea was entered." (Respondent's Exh. C, p. 2, emphasis ours). In short, the "judgment" of the State court established on its face that the drug influence "finding" of the State trial judge was based solely on the transcript of the guilty proceeding.

### C.

The standard stated in *Townsend v. Sain,* as codified in 28 U.S.C. § 2254(d)(1), (2), (3), and (6), has been applied to any number of cases in which the postconviction court denied a motion for postconviction relief on the theory that files and records of the case, which included the transcript of the guilty plea proceeding, conclusively showed that the subsequent postconviction motion should be denied without a full and fair evidentiary hearing. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), decided the same day as a part of the *Townsend v. Sain* trilogy, is, of course, the leading case.

In *Sanders,* the Court first noted that the defendant's first section 2255 motion had been denied because "that pleading was deficient" and that "the denial, thus based, was not on the merits" (373 U.S. at 19, 83 S.Ct. at 1079). The defendant, however, then filed a second section 2255 motion. The Court noted that "The crucial

allegation of the second motion was that petitioner's alleged mental incompetency was the result of administration of narcotic drugs during the period petitioner was held in the Sacramento County Jail pending trial in the instant case." (373 U.S. at 19, 83 S.Ct. at 1079).

The district court denied the second section 2255 motion without an evidentiary hearing, stating that "The Court has reviewed the entire file ... which includes the previous proceeding, and a transcript of the proceedings at the time petitioner entered his plea, and ... is of the view that petitioner's complaints are without merit in fact." (373 U.S. at 19, 83 S.Ct. at 1079).

*Sanders* reversed the Ninth Circuit's affirmance of the district court's dismissal and remanded the case for an appropriate evidentiary hearing in the district court. The Court concluded that "the 'files and records of the case', including the transcript [of the guilty plea proceeding], could not 'conclusively show' that the claim alleged in the second motion entitled the petitioner to no relief." (*Id.* p. 19). The Court explained that "However regular the proceedings at which he signed a waiver of indictment, declined assistance of counsel, and pleaded guilty might appear from the transcript, *it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights.* (See *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; *Moore v. Michigan*, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167; *Pennsylvania ex rel. Herman v. Claudy*, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126; *Taylor v. United States*, 193 F.2d 411 (C.A. 10th Cir.1952). Cf. *Von Moltke v. Gillies*, 332

U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. *For the facts on which petitioner's claim in his second application is predicated are outside the record.*" (Emphasis ours.) (373 U.S. at 19–20, 83 S.Ct. at 1079).

The Court further concluded that "Whether or not petitioner was under the influence of narcotics would not necessarily have been apparent to the trial judge" and added that "[t]hat the trial judge may have thought that he acted with intelligence and understanding in responding to the judge's inquiries cannot 'conclusively show,' as the statute requires, that there is not merit in his present claim. *Cf. Machibroda v. United States, supra,* [368 U.S.] at 495 [82 S.Ct. at 514]." [9] The Court therefore concluded in *Sanders* that "on remand, a hearing will be required."

In *Speedy v. Wyrick, supra,* the State prisoner alleged "that he was not afforded a full and fair hearing at the state trial or postconviction proceedings, that his due process rights were violated when the trial court failed to hold *sua sponte* a hearing on his competence to stand trial, and that he was denied effective assistance of counsel when his counsel failed to request a competency hearing despite substantial evidence relating to his mental incompetence at the time of trial." (702 F.2d at 724). Neither the State trial court nor the federal district court conducted an evidentiary hearing in regard to any of the claims alleged.

The Court of Appeals noted in *Speedy* that factual issues were clearly presented in regard to the claims alleged by the State prisoner in support of his prayer for postconviction relief. The Eighth Circuit therefore reversed the district court's decision

---

**9.** In *Machibroda,* the first case cited in the portion of *Sanders* quoted above, the Court concluded that "The factual allegations contained in the petitioner's motion and affidavit, and put in issue by the affidavit filed with the Government's response, related primarily to purported occurrences outside the courtroom and upon which the record could, therefore, cast no real light. Nor were the circumstances alleged of a kind that the District Judge could completely resolve by drawing upon his own personal knowledge or recollection." *Machibroda* also

quoted the following with approval from *Walker v. Johnston,* 312 U.S. 275, at 287, 61 S.Ct. 574, at 579, 85 L.Ed. 830 (1941): "Not by the pleadings and the affidavits, but by the whole of the testimony, must it be determined whether the petitioner has carried his burden of proof and shown his right to a discharge. The Government's contention that his allegations are improbable and unbelievable cannot serve to deny him an opportunity to support them by evidence." 368 U.S. at 495, 82 S.Ct. at 514.

denying the petition for federal habeas corpus relief and remanded the case "for an evidentiary hearing to resolve the factual issues alluded to in this opinion." (*Id.* p. 728).

There are many other cases which apply the applicable federal standard to factual situations similar to that presented in this case. We believe it redundant to either cite or discuss those numerous cases in any detail. Attention is directed, however, to *Carrasquillo v. LeFevre*, 504 F.Supp. 129 (S.D.N.Y.1980) because the factual circumstances involved in that case were most similar to the factual circumstances alleged in petitioner Manis' petition for federal habeas corpus in this case.

In *Carrasquillo* the petitioner alleged "that at the time of his guilty plea to the court petitioner was under the influence of prescribed drugs making his plea involuntary." 504 F.Supp. at 131. The district court properly concluded that: "A constitutional violation may have occurred which would support petitioner's application for relief if petitioner can show that his plea of guilty was in fact 'drug-induced'."

No evidentiary hearing was held in the State court in regard to the factual issues thus presented. The federal district court concluded that an evidentiary hearing was mandatory, not merely discretionary, under the standards stated in *Townsend v. Sain*. *Carrasquillo* explained that:

> Without sufficient evidence in the record of petitioner's actual physical state at the time of his guilty plea, this court cannot make a determination of the validity of petitioner's claims that he is entitled to habeas relief, without conducting an evidentiary hearing. Where the facts, even if improbable, cannot be said to be incredible; where the allegations, if true, would entitle petitioner to relief; and where there are facts in issue which the record does not clarify, then it would be improper for this court not to hold an evidentiary hearing. *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

## V.

It is appropriate to add that we have carefully considered the line of Eighth Circuit cases which are illustrated by *Toler v. Wyrick*, 563 F.2d 372 (8th Cir.1977) and *Dunn v. Wyrick*, 679 F.2d 731 (8th Cir. 1982) in which a district court denial of federal habeas corpus relief was affirmed in cases in which the district court dismissed the petition without an evidentiary hearing. In *Toler* it was expressly stated that "no relevant facts are in dispute." It was therefore appropriate that only the transcript of the guilty plea be examined. That transcript established that the State trial judge accepting the guilty plea involved in that case, unlike the State trial judge in this case, made specific inquiry of the defendant in regard to whether he was under the influence of any drug at the time the guilty plea was accepted. *Toler* is therefore distinguishable on its facts.

*Dunn v. Wyrick, supra,* involved a case in which the petition for federal habeas corpus contained allegations which were "bare contradictions" of his statements shown of record at the time his guilty plea was accepted. *Dunn v. Wyrick's* quotation of a part of the voluminous dictum contained in *Blackledge v. Allison*, 431 U.S. 63, 68, 97 S.Ct. 1621, 1626, 52 L.Ed.2d 136 (1977) does not reflect a departure on the part of either the Supreme Court or the Eighth Circuit in regard to the applicability of the standard of *Townsend v. Sain* in State prisoner habeas corpus cases. Indeed, examination of *Blackledge v. Allison* reflects that the Supreme Court affirmed a decision of the Fourth Circuit which reversed a district court which dismissed a federal habeas corpus petition without an evidentiary hearing.

It should further be noted that *Blackledge v. Allison* expressly approved both the rationale and results reached by the Court in *Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962) and *Fontaine v. United States*, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973). Significantly the Court stated in *Black-*

*ledge v. Allison* that *"Fontaine* and *Machibroda* were by no means the first cases in which this Court held that postconviction collateral relief might be available to a person convicted after having pleaded guilty. See, *e.g., Herman v. Claudy,* 350 U.S. 116 [76 S.Ct. 223, 100 L.Ed. 126]; *Waley v. Johnston,* 316 U.S. 101 [62 S.Ct. 964, 86 L.Ed. 1302]; *Walker v. Johnston,* 312 U.S. 275 [61 S.Ct. 574, 85 L.Ed. 830]" and added that "[w]hat *Machibroda* and *Fontaine* indisputably teach, however, is that the barrier of the plea or sentencing proceeding record, although imposing, is not invariably insurmountable." *Dunn v. Wyrick* is therefore inapposite.

## VI.

We are satisfied for the reasons stated that petitioner Manis must be afforded a federal plenary evidentiary hearing in regard to all three of the factual issues alleged in his pending petition for federal habeas corpus, namely, (A) petitioner was denied effective assistance of counsel in violation of the 6th and 14th amendments to the U.S. Constitution; (B) petitioner did not knowingly or intelligently enter a plea of guilty, because movant did not know that he would not have to be a witness against himself; and, that petitioner was under the influence of drugs at the time of the plea; and (C) petitioner did not knowingly plead guilty because the state withheld evidence, in that the state witness was not going to identify the petitioner and had been induced to identify the petitioner.

We shall therefore enter an order under which the Honorable James C. England, the United States Magistrate serving this Court from his official station in its Southern Division at Springfield, Missouri, shall conduct such plenary evidentiary hearing and thereafter submit proposed findings of fact and recommendations for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1)(B). Our designation of a Magistrate to conduct the plenary evidentiary hearing is not intended to indicate any view of this Court in regard to the factual issues to be determined.

Accordingly, it is

ORDERED (1) that Magistrate James C. England, sitting at Springfield, Missouri, shall conduct the required plenary evidentiary hearing and thereafter submit proposed findings of fact and recommendations for the disposition of this case pursuant to 28 U.S.C. § 636(b)(1)(B). It is further

ORDERED (2) that Assistant Federal Public Defender Ronald L. Hall, should be and is hereby appointed to represent petitioner Manis in the above entitled case, such appointment being limited solely to the above entitled cause. It is further

ORDERED (3) that within five (5) days of this Order, the Attorney General's office shall prepare, serve, and file a response to this Order in which it will state the name of counsel who will represent the respondent in the plenary evidentiary hearing to be conducted before Magistrate England as above ordered. It is further

ORDERED (4) that within twenty (20) days of this Order, Magistrate England shall direct counsel to appear before him for a conference at which, in accordance with Rule 6 of the Rules Governing Section 2254 Proceedings in the United States District Courts, appropriate consideration will be given to (a) whether the processes of discovery under the Federal Rules of Civil Procedure should be made available to either party; (b) to any requests for discovery, including but not limited to requests for admissions and stipulations of fact which may be proffered by counsel; (c) to ascertain the witnesses who should be called and the documentary evidence to be adduced at the evidentiary hearing; and (d) to determine the earliest practicable date on which the plenary evidentiary hearing will be conducted, as required by Rule 8(c) of the Rules Governing Section 2254 Proceedings in the United States District Courts. It is further

ORDERED (5) that appointed counsel for petitioner Manis and counsel for the respondent shall immediately commence preparation for the conference to be convened by Magistrate England and for the plenary evidentiary hearing which they shall anticipate will be conducted at the earliest practicable date after the conference will have been held. It is further

ORDERED (6) that neither petitioner Manis, nor any person purporting to act on his behalf, shall file or attempt to file any *pro se* pleadings or letters to either this Court or to Magistrate England in regard to this case, without first submitting the same to Assistant Federal Public Defender Hall for his consideration and approval. It is further

ORDERED (7) that the *pro se* petition for default judgment filed on behalf of petitioner Manis on January 23, 1984 should be, and the same is hereby denied. It is further

ORDERED (8) that in the event a notice of appeal is filed on behalf of petitioner Manis in regard to any of the above orders, we now state that any such appeal may not be taken *in forma pauperis* for the reason this Court is not able to certify in writing that any such appeal would be taken in good faith within the meaning and as required by 28 U.S.C. § 1915.

The orders above entered shall therefore be promptly complied with, absent a later order from this Court or an order from the Court of Appeals for the Eighth Circuit.